## C. B. WILSER AND OTHERS v. NELLIE A. WILSER.[1]

January 28, 1916.

Nos. 19,519—(182).

**Interpleader — evidence.**

> An order of interpleader made under section 7764, G. S. 1913, making appellant a party to the action and requiring her to appear therein and present her claim to the fund in the hands of defendant, which it brought into court to be held subject to the result of the action between the rival claimants, and restraining appellant from prosecuting an action to recover the fund brought by her in the state of North Dakota, *held* justified by the facts presented in the record.

Action in the district court for Hennepin county. Defendant obtained an order requiring Nellie A. Wilser to show cause why she should not be made party defendant in the action and interplead therein and why she should not be restrained from further prosecution of an action brought by her against defendant in the district court for Cass county, North Dakota. The application was heard before Fish, J., who authorized defendant to pay the sum of $3,000, the amount in controversy, into court to be held subject to the further order of the court; ordered that defendant Wilser, one of the claimants to the money, be made defendant in place of defendant Modern Woodmen of America, and enjoined from further prosecution of the action in North Dakota; and directed that upon payment of the money specified into court the action be dismissed as to defendant Modern Woodmen of America. From the order granting the application, Nellie A. Wilser appealed. Affirmed.

*L. L. Mitchell* and *Hall, Taulges & Sapiro,* for appellant.

*Truman Plantz, George G. Perrin* and *Elijah Barton,* for respondent.

BROWN, C. J.

The facts in the case are as follows:

Defendant, Modern Woodmen of America, is a fraternal insurance association organized under the laws of the state of Illinois. In Novem-

[1] Reported in 156 N. W. 271.

ber, 1900, Joseph M. S. Wilser, then a resident of the state of North Dakota, became a member of the association, and there was issued to him a benefit certificate payable to Hannah Wilser, his mother. Thereafter, in February, 1905, Wilser duly made an application for a change in the beneficiary, and the application was granted by the association. A new certificate was accordingly issued payable to Charles B. Wilser and John Lewis Wilser. In June, 1910, Wilser made an application for another change in the beneficiaries and, as on the former application, it was granted. A new certificate of insurance was then issued by the association payable to Nellie A. Wilser, the wife of the insured. Again, on August 10, 1914, Wilser made still another application for a change in the beneficiaries, and the application was granted. A new certificate was issued payable, $2,000 to Charles B. Wilser, a brother, and $1,000 to Charles P. Wilser, a nephew, plaintiffs in this action. At the time of issuing these several new certificates the prior certificates were canceled by the association. The insured died at Minneapolis, this state, where he then resided, in September, 1914, leaving surviving his widow, appellant herein. Thereafter the widow brought an action in the courts of North Dakota to recover upon the certificate wherein she was made sole beneficiary, and the action is now pending in that state. Subsequent to the commencement of that action plaintiffs, beneficiaries named in the last certificate issued by the association, as heretofore stated, brought this action in the district court of Hennepin county to recover thereon. The association appeared in that action and interposed in defense the facts stated, and other matters not necessary to mention. Application was then made to the court under section 7764, G. S. 1913, for an order of interpleader and the substitution of appellant, plaintiff in the North Dakota action, as party defendant, and upon payment of the money into court, the right to recover which the association conceded, that the association be relieved from further liability. Application was also made in connection with this relief for an order enjoining appellant from the further prosecution of her action in North Dakota. Notice of the application was duly served upon appellant, who now and for some time past has resided in Minneapolis, this state, and she appeared by counsel and opposed the same. The court made an order granting the relief, and that upon payment of the money into court the association be dis-

charged, and further that appellant be restrained from the prosecution of her action in North Dakota. From that order she appealed.

The facts stated bring the case within the statute, as well as within the common-law rule of interpleader, and we hold that the relief applied for by defendant was properly granted. Emerick v. New York Life Ins. Co. 49 Md. 352; Supreme Commandery v. Merrick, 163 Mass. 374, 40 N. E. 183. Defendant is in the position of a stakeholder, having a fund in its hands to which conflicting claims are made by different persons. On the record before us it is clear that the association is not liable to both. The association is confronted with separate actions brought by such conflicting claimants, one in North Dakota and one in Minnesota. The matter in issue is the same in both. It would be an injustice to defendant to compel it to conduct its defense in both actions, when the claimants are all within this state, and the rights of all may be fully adjudicated in the action pending therein. Plaintiffs reside in Missouri, but by bringing their action in this state they have submitted to the jurisdiction of the court and will be concluded by the judgment rendered therein. Appellant claims to be a citizen of the state of North Dakota, but she in fact resides in this state, and in the county wherein this action is pending. Defendant has no other legal remedy to avoid the situation, and there is no suggestion of collusion between it and the plaintiffs. The issues presented in both actions no doubt will be whether the change of beneficiaries from appellant to plaintiffs was valid, and whether, when the change was procured by deceased, he was of sound mind. Those issues can as well be tried in this as in the state of North Dakota, and the fact that appellant may be required to submit the evidence of Dakota witnesses by deposition is not a sufficient reason for denying to defendant the relief sought.

The further contention of appellant that the court below had no jurisdiction or authority to restrain the prosecution of her Dakota action is not sustained. As heretofore stated appellant in fact resides in this state, and her claim of citizenship in North Dakota does not overcome that conceded fact. The court had jurisdiction over her person, and was authorized to restrain her from the prosecution of her action in the other state. All her rights may be protected in this action. If, for any reason, it shall turn out that defendant is liable to both parties, a very

improbable outcome, she will not lose by submitting her claims in this action. That the court had jurisdiction to make the restraining order is clear. Cole v. Cunningham, 133 U. S. 107, 10 Sup. Ct. 269, 33 L. ed. 538; 23 Cyc. 29. The question whether a restraining order shall be issued in such a case rests largely in the discretion of the trial court, in the exercise of which we discover no abuse in the case at bar. There is no hard and fast rule controlling the question, for, as remarked by Chief Justice Start in Hawkins v. Ireland, 64 Minn. 339, 67 N. W. 73, 58 Am. St. 534, each case must be ruled by its own facts. We have no difficulty in sustaining the order on the facts here presented.

Order affirmed.