## RAY E. DAVIS v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

**November 24, 1916.**

**Nos. 19,916—(64).**

**Injunction — to restrain nonresident from prosecuting action.**

Plaintiff, a resident of Wisconsin, brought this action in this state to recover for injuries received on defendant's line of railway in that state. Defendant seeks to restrain him from further prosecuting his action in Minnesota. The district court declined to issue an injunction. The Minnesota court had jurisdiction of the parties and of the subject matter. *Held*, following State v. District Court of Waseca County, 126 Minn. 501, 148 N. W. 463, that the courts of this state cannot decline jurisdiction of an action properly brought herein by a citizen of another state; such citizen has precisely the same rights and privileges as a citizen of Minnesota; nor can an injunction be granted in the instant case restraining the plaintiff from prosecuting his action in the courts of this state, if, in consequence thereof, plaintiff would be compelled to bring his action in the courts of another state.

Action in the district court for Hennepin county to recover $30,000 for injuries sustained while in the employ of defendant as freight brakeman. Defendant obtained an order directing plaintiff to show cause why a temporary injunction should not be granted restraining him from proceeding with the action until the question was decided whether defendant was entitled to a permanent injunction in an action in Wisconsin which defendant had started to enjoin plaintiff from prosecuting this action in Minnesota. The matter was heard by Hale, J., who made findings and dissolved the temporary injunction and denied defendant's motion for an injunction. From the order denying its motion for an injunction, defendant appealed. Affirmed.

*John L. Erdall* and *W. A. Hayes,* for appellant.
*John P. Devaney* and *Chester L. Nichols,* for respondent.

[1]Reported in 159 N. W. 1084.

SCHALLER, J.

Plaintiff, a married man, native and resident of Wisconsin, was injured in that state while employed on defendant's line of railway. The plaintiff at that time resided with his family in Winnebago county, Wisconsin, 12 miles from the county seat. The accident happened in Manitowoc county, 17 miles from its county seat. The state courts of both counties had jurisdiction of the parties and of the cause of action. The plaintiff removed to Minnesota, intending to bring an action here, and to evade the provisions of certain laws of Wisconsin, and not with the *bona fide* intention of becoming a citizen of Minnesota.

It is alleged that, if an action were brought in that state, the rights and privileges secured to the parties under the laws and procedure of Wisconsin are of great value to the parties, and that they are in furtherance of right, truth and justice.

This action was brought in the district court of Hennepin county under the provisions of the Federal Employer's Liability Act. Defendant appeared and answered. The court had jurisdiction of the parties and of the subject matter. Thereafter, on an order to show cause herein, defendant moved for an injunction restraining the plaintiff from further prosecuting this action. The court denied the motion and discharged the order to show cause. Defendant appeals.

The learned trial judge found facts which compel the conclusion that, if this cause were brought and tried in the state of Wisconsin, the provisions of certain statutes of that state might apply, and certain beneficial results might be attained. Defendant asserts that under the laws and procedure of the state of Wisconsin this cause can be heard more promptly, with less expense and in a shorter time than if it were tried in Minnesota. The plaintiff has chosen his forum. Whether he has chosen wisely we need not stop to inquire. Whether the legislation and practice of the state in which the accident happened are more favorable to the parties or either of them than those of the state of Minnesota, are academic questions here. The real question is whether the district court of Hennepin county had any discretion in the matter of granting or refusing the relief prayed for by defendant.

The district courts of this state, in the exercise of their equitable jurisdiction, may, where the court has jurisdiction of the parties, enjoin the

prosecution of actions at law even in a foreign jurisdiction. Wilser v. Wilser, 132 Minn. 167, 156 N. W. 271, and cases cited. But we have been cited to no case, nor are we aware of any, in which a court of equity has enjoined the prosecution of an action at law within its own jurisdiction, when the result of such injunction would be to leave a party remediless unless he sought a foreign jurisdiction. .

It has been held that a plea of a former suit pending, for the same cause in a foreign jurisdiction, will not abate an action at law in a domestic tribunal, or authorize an injunction against prosecuting such action. Mutual Life Ins. Co. v. Brune's Assignee, 96 U. S. 588, 24 L. ed. 737; Hatch v. Spofford, 22 Conn. 485, 58 Am. Dec. 433.

If this is a correct statement of the law, a citizen of this state, who has begun an action in Wisconsin, may bring another action in this state for the same cause, and the action in the domestic tribunal will not be abated or its prosecution enjoined, for in this respect the courts of Wisconsin are foreign. "For all national purposes embraced by the Federal Constitution, the states and the citizens thereof are one, united under the same sovereign authority, and governed by the same laws. In all other respects, the states are necessarily foreign to, and independent of, each other." Buckner v. Finley, 2 Pet. 586, 7 L. ed. 528; Pennoyer v. Neff, 95 U. S. 714, 24 L. ed. 565; Hanley v. Donoghue, 116 U. S. 1, 6 Sup. Ct. 242, 29 L. ed. 535.

Although the plaintiff is a citizen of Wisconsin, yet he is, while within this state, entitled to all the rights and privileges of a citizen of this state. State v. District Court of Waseca County, 126 Minn. 501, 148 N. W. 463, Ann. Cas. 1915D, 198. The courts of this state cannot decline jurisdiction of an action properly brought herein by a citizen of another state. He has precisely the same rights and privileges as a citizen of Minnesota. State v. District Court of Waseca County, supra. If an injunction could issue herein as prayed for by the defendant, the same could issue if the plaintiff were a citizen of this state. The injunction would exclude a citizen from the courts of his own state, would deny to him the protection of its laws, would banish him from its tribunals and compel him to seek justice in a foreign jurisdiction, and all this without fault of the plaintiff. Cases may have arisen in which a suggestion of this kind has been made, but we find no instance in which courts have

abdicated in favor of a foreign jurisdiction at the request and for the convenience of one of the parties.

A resident citizen of Minnesota is entitled to the benefits and protection of the laws of Minnesota. He has an absolute right to seek redress for his wrongs in its courts in all cases within their jurisdiction. The courts may not deny him a hearing, nor may they refuse to adjudicate his cause. They may not deprive him of the benefits and privileges and protection of the laws and tribunals of his own state, when he is in no way at fault. "That country is undutiful and unfaithful to its citizens, which sends them out of its jurisdiction, to seek justice elesewhere." Ellsworth, J., in Hatch v. Spofford, 22 Conn. 485, 499.

The district court had no power to grant the relief prayed for.

Order affirmed.