STATE EX REL. ELLA S. BOSSUNG v. DISTRICT COURT OF HENNEPIN COUNTY AND ANOTHER.[1]

August 2, 1918.

No. 20,966.

**Action under foreign statute enjoined by foreign court — stay in Minnesota court — peremptory writ of mandamus.**
Action for wrongful death under the Nebraska statute. The Nebraska

[1]Reported in 168 N. W. 589.

court temporarily restrained plaintiff (assumed to be a resident of that state) from prosecuting the action in the Minnesota courts until its hearing of an application for an injunction. The Minnesota court, after hearing, ordered a stay of the action until the final determination of the injunction suit in the Nebraska court. Upon an application to the supreme court for a writ of mandamus to compel the district court to proceed with the Minnesota action, a peremptory writ was granted. [Reporter.]

Upon the petition of Ella S. Bossung, as administratrix of the estate of Henry Bossung, deceased, the supreme court granted its order directing the district court of Hennepin county and Honorable Joseph W. Molyneaux, judge thereof, to show cause why a peremptory writ of mandamus should not issue commanding him to proceed with the trial of an action pending in his court, in which action petitioner was plaintiff and the Union Pacific Railroad Company was defendant. Writ granted.

*George C. Stiles* and *D. C. Edwards,* for relator.

*A. G. Ellick* and *Hoke, Faegre & Bauers,* for respondents.

PER CURIAM.

The relator is administratrix of her husband who was killed in a collision between an automobile in which he was riding and a train of the Union Pacific Railroad Company at a public crossing in Lexington, Nebraska, on March 31, 1917. On August 2, 1917, she commenced an action in Hennepin county, Minnesota, to recover damages for his death upon a cause of action given by the Nebraska statute. Issues were joined and the action was set for trial on February 18, 1918. On February 2, 1918, the Union Pacific Company commenced an action in Nebraska to enjoin the relator from prosecuting the Minnesota action. On February 4, the relator was restrained by the Nebraska court from further prosecution until February 25, 1918, for which date the hearing on the application for a temporary injunction was set. On February 13, 1918, the district court of Hennepin county issued an order to show cause why the Minnesota action, because of the Nebraska injunction, should not be stayed until the final determination of the issues in the Nebraska action and on February 16, 1918, an order granting such stay was entered.

We are not advised of further proceedings in the Nebraska action.

The railway company is organized under the laws of Utah and has a line in Nebraska but none in Minnesota, though subject to jurisdiction here. It is assumed by counsel throughout that the plaintiff is a citizen of Nebraska, as was her husband, though it is perhaps nowhere distinctly so alleged or admitted.

This is an original proceeding in this court by mandamus to compel the district court of Hennepin county to proceed with the action. The only question is the propriety of the order granting a stay. In the return the respondents called attention to the order of the Director General of railroads, known as General Order No. 18, dated April 9, 1918, made in view of the act of Congress of March 21, 1918, directing that suits be brought in the county or district where the plaintiff resides or where the cause of action arose. When the case was finally submitted they withdrew all claim by virtue of this order, and the effect of it is not considered by us.

A cause of action given by the Nebraska statute for death occurring there will be enforced in Minnesota unless contrary to its public policy. In Herrick v. Minneapolis & St. L. Ry. Co. 31 Minn. 11, 16 N. W. 413, a pioneer case, it was held that a cause of action occurring in Iowa, making a railroad liable to its employees for injuries sustained through the negligence of coemployees, would be enforced in this state, though at that time we had no railway fellow-servant act and for an injury in this state there would not have been liability. So we have held that a cause of action given by the statute of another state for death by wrongful act, though differing from ours, if not contrary to its policy, will be enforced here. Powell v. Great Northern Ry. Co. 102 Minn. 448, 113 N. W. 1017, and cases cited; 2 Notes on Minn. Reports, 452, and cases; Dunnell, Minn. Dig. & 1916 Supp. § 2603. This is the rule prevailing everywhere. It is the policy of the state as evidenced by our decisions to enforce such causes of action. It is the policy as evidenced by our statute which permits a foreign executor or administrator to maintain such an action. G. S. 1913, § 8178.

Such causes of action are enforced as a matter of comity. Neither the full faith and credit clause nor the privileges and immunities clause of the Constitution (U. S. Const. art. 4, §§ 1, 2), requires their enforcement

when contrary to state policy. In State v. District Court of Waseca County, 126 Minn. 501, 148 N. W. 463, Ann. Cas. 1915D, 198, we held that the district court could not decline jurisdiction of a transitory action for tort arising in a foreign state, though the plaintiff was a citizen of that state and the defendant incorporated under the laws of·another. The basis of the decision was section 2, the privileges and immunities clause, requiring the same treatment of a suitor, citizen of another state, as is accorded to a suitor, citizen of this state. Authority was thought to be found in Chambers v. Baltimore R. Co. 207 U. S. 142, 28 Sup. Ct. 34, 52 L. ed. 143. A little later, in Davis v. Minneapolis, St. P. & S. S. M. Ry. Co. 134 Minn. 455, 159 N. W. 1084, we held that a citizen of another state, who had a cause of action under the Federal Employer's Liability Act, and who had brought his action in Minnesota, would not be restrained from proceeding in this state until the determination of an action for injunction pending against him in the foreign state. This decision was substantially upon the ground that section 2 gave the plaintiff the right to proceed. And this is the effect of the cases. Eingartner v. Illinois Co. 94 Wis. 70, 68 N. W. 664, 34 L.R.A. 503, 59 Am. Rep. 859; Cofrode v. County Judge, 79 Mich. 332, 44 N. W. 623, 7 L.R.A. 511; Steed v. Harvey, 18 Utah, 367, 54 Pac. 1011, 72 Am. St. 789; Reynolds v. Day, 79 Wash. 499, 140 Pac. 681, L.R.A. 1916A, 432; Dougherty v. American Co. 255 Ill. 369, 99 N. E. 619, L.R.A. 1915F, 955, Ann. Cas. 1913D, 568. Neither of the Minnesota cases was a death case. Chambers v. Baltimore R. Co. 207 U. S. 142, 28 Sup. Ct. 34, 52 L. ed. 143, was a death case and so was Dougherty v. American Co. supra. Each of these involved a state statute assuming to fix the right to sue in the state. A death case is transitory in its nature. The policy of Nebraska in giving a cause of action for death harmonizes with ours. We do not refuse a Nebraska citizen access to our courts to recover for a death occurring in Nebraska because he is a citizen of Nebraska. If we refuse the plaintiff it is because of the Nebraska injunction. Should it have that effect? We conclude that it should not.

That the courts of Nebraska on equitable grounds may enjoin its citizens from proceeding in Minnesota courts without violating either the full faith and credit or the privileges and immunities clause is clear. Cole v. Cunningham, 133 U. S. 107, 10 Sup. Ct. 269, 33 L. ed. 538, is a leading Federal case. And so other cases hold. Weaver v. Alabama R.

Co. (Ala.) 76 South. 364; Wierse v. Thomas, 145 N. C. 1008, 59 S. E. 58, 15 L.R.A.(N.S.) 1008, 122 Am. St. 446. And the right to enjoin has frequently been recognized in this state, but without reference to the provisions of the Constitution. Wilser v. Wilser, 132 Minn. 167, 156 N. W. 271; Freick v. Hinkly, 122 Minn. 24, 141 N. W. 1096, 46 L.R.A.(N.S.) 695; Hawkins v. Ireland, 64 Minn. 339, 67 N. W. 73, 58 Am. St. 534. And see generally 6 Pomeroy, Eq. Jur. § 670; Story, Eq. Jur. §§ 899, 900; 14 R. C. L. pp. 412-419, §§ 113-121; notes 10 Ann. Cas. 26, 16 Ann. Cas. 673; note L.R.A. 1915A, 832; note 122 Am. St. 446, 59 Am. St. 859. The injunction operates in personam upon the one to whom it is directed and not upon the tribunal of the foreign state. Such tribunal is not directed to refrain and is not subject to control. It may be noted in passing that the legislature cannot create a transitory cause of action and by statute confine its enforcement to its own courts upon a claim that the full faith and credit clause requires the courts of another state to decline jurisdiction. Tennessee Co. v. George, 233 U. S. 354, 34 Sup. Ct. 587, 58 L. et. 997, L.R.A. 1916D, 685; Atchison Co. v. Sowers, 213 U. S. 55, 29 Sup. Ct. 397, 53 L. ed. 695. The party of whom the court has jurisdiction is bound by the commands of the injunction and against him the court may exercise such coercive measures as are appropriate and at its command. The Nebraska court by enjoining does not offend the Constitution. It does not refuse access to its courts. We are not concerned with the propriety of the Nebraska action. We are concerned only with the propriety of the act of the Hennepin court in refusing to proceed. If one of our citizens was the plaintiff in a Nebraska cause of action, transitory in nature and properly brought here, it does not seem that we ought to refuse his case, though he was restrained by a Nebraska court. If we should not, it does not seem that the privileges and immunities clause permits a different rule applicable to a citizen of another state. If we require our citizens to refrain from proceeding in our courts because enjoined by the courts of another state, such courts are given quite substantial control over our litigation. That they may enforce their injunctions in personam no one questions. The view we take is opposed to Fisher v. Pacific Co. 112 Miss. 30, 72 South. 846. There it was held that, so long as an injunction was in force in another state restraining a citizen of that state from suing a citizen in another, such other, on principles of comity, would respect the injunction and refuse his suit.

If we would allow a plaintiff, a citizen of Minnesota, to maintain his action here though enjoined by the courts of another state, as we think we should, the case of Davis v. Minneapolis, St. P. & S. S. M. Ry. Co. 134 Minn. 455, 159 N. W. 1084, is substantially controlling in favor of the result which we reach. The Minnesota action should not have been stayed.

Let a peremptory writ issue.