STATE EX REL. CHRIS J. COLLINS v. DISTRICT COURT FOR
RAMSEY COUNTY AND ANOTHER.
IN RE COLLINS v. BYRAM AND OTHERS.[1]

January 11, 1929.

No. 27,239.

---

[1]Reported in 222 N. W. 931.

*Tautges, Wilder & McDonald,* for relator.

*F. W. Root, C. O. Newcomb* and *A. C. Erdall,* for respondents.

PER CURIAM.

Mandamus to compel the district court of Ramsey county to reinstate a case on its calendar and proceed with the trial in regular order. The relator is the plaintiff. The Chicago, Milwaukee, St. Paul & Pacific Railroad Company is the defendant.

The railway company commenced an action in the circuit court of Milwaukee county, Wisconsin, to enjoin a number of persons from appearing in the Minnesota court and testifying in the Minnesota case and from giving their depositions in Wisconsin. The Milwaukee county court denied the injunction, and an appeal was taken by the railway company and a stay allowed. After some controversy the district court of Ramsey county set the trial of the action pending before it for hearing on February 11, 1929. Then the alternative writ was allowed upon the petition of the relator.

Mandamus is not the remedy to correct an error in fixing the time of trial. If the trial court refuses to proceed with the trial, mandamus is the remedy. The case has been set for a day soon to come. As we construe the record, the trial court has done nothing more than fix a time which it found convenient in the disposal of its business. A mere fixing of time is not determinable on mandamus. A refusal to proceed with a trial will be commanded by mandamus. The railway seeks to have witnesses enjoined in Wisconsin. It may be unsuccessful. Then there will be no trouble. They may be enjoined. Then, still, the case will proceed here. U. P. R. Co. v. Rule, 155 Minn. 302, 193 N. W. 161; State ex rel. Bossung v. District Court, 140 Minn. 494, 168 N. W. 589, 1 A. L. R. 145; Davis v. M. St. P. & S. S. M. Ry. Co. 134 Minn. 455, 159 N. W. 1084. We take it our cases are well understood and that the trial court does not assume that the railway carrier has the right to a stay or the denial of the usual speedy trial because of a foreign injunction.

If the trial court were not to proceed with the trial in regular order on February 11, it would be our duty to direct a writ. It is our assumption that a trial commences as indicated by the court's order. A command to the district court is unnecessary.

No costs are allowed.

Writ discharged.