CSOHAN, A. K. A. CSOHAN, PLAINTIFF-APPELLEE, *v.* UNITED BENEFIT LIFE INSURANCE COMPANY, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26965.   Decided July 2, 1964.

*Messrs. Direnfeld & Greene, Mr. Bernard B. Direnfeld,* of counsel, for plaintiff-appellee.

*Messrs. Arter, Hadden, Wykoff & Van Duzer, Messrs. Sumner Canary* and *David H. Miller,* of counsel, for defendant-appellant.

*Per Curiam.* This is an appeal on law and fact from an order issued by the Court of Common Pleas granting a temporary injunction. The facts developed in the record, about which there is no dispute, are that plaintiff, who is designated as the beneficiary in a life insurance policy issued by the defendant upon the life of her father, now deceased, filed an action in the Court of Common Pleas of Cuyahoga County on January 10, 1964, claiming $5,000.00, the face amount of the policy. It is conceded that the policy was in force, proof of death was filed and demand was made. Service was had upon the defendant. The plaintiff at the time of filing of the petition was a resident of San Diego, California.

On March 16, 1964, more than two months later, the defendant filed an action in interpleader in the Los Angeles Superior Court and at the same time asked a preliminary injunction to issue to restrain plaintiff herein from proceeding with her prior suit in Ohio. As an incident of the interpleader action, defendant prayed that a reasonable attorney fee be allowed its counsel and for recovery of its costs. The Superior Court of the State of California scheduled a hearing for March 30, 1964, requiring plaintiff to show cause why a California restraining order should not issue against her.

On March 27, 1964, on application of the plaintiff-appellee, the Common Pleas Court of Cuyahoga County issued a temporary restraining order enjoining the defendant from proceeding with the California action, in the following language:

"On consideration of the pleadings, affidavits and exhibits, the court finds that it has prior jurisdiction of the within matter and that it would be oppressive to the plaintiff to be restrained by another court from proceeding with the within action, and accordingly.

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the defendant be and hereby is enjoined from in any manner assisting, aiding, participating or engaging directly or indirectly in the prosecution or conduct of the action now pending in the Superior Court of California, for the County of Los Angeles, wherein United of Omaha is the plaintiff and Betty Csohan, etc., et al is defendant, being No. 835145 in said Court, or in any other action or suit in any court in any state

other than the State of Ohio for determination of liability under Policy No. C-240727 on the life of John Csohan. Bond fixed in sum of $100.00.

DONALD F. LYBARGER,
JUDGE.''

The record indicates that on March 30, 1964, plaintiff-appellee filed her motion to show cause against the defendant based upon the claim that notwithstanding notice to the defendant that the injunction was granted, defendant threatened to proceed with the California motion for restraining order. The record fails to disclose the status of that motion.

On April 10, 1964, defendant filed in the Court of Common Pleas its application for a rehearing of the order granting the injunction. This was denied on April 15, 1964. Notice of appeal on law and fact was filed on April 16, 1964.

On May 1st, 1964, the defendant filed its answer in the trial court in which it admits the allegations in plaintiff's petition are true, and further pleads its interpleader proceedings instituted in the California Superior Court and says ''that it has been adjudged liable under said policy of insurance by said Court, and has discharged said liability by paying said sum of Five Thousand Dollars ($5000.00) into said court'' and prays that the petition be dismissed.

On May 19, 1964, plaintiff filed her motion for summary judgment alleging that the defendant had admitted that the allegations of plaintiff's petition were true. On application of the defendant, the summary judgment motion has been deferred pending the determination of this appeal.

The matter was tried in this court upon all facts contained in the pleadings, motions and affidavits filed in said Common Pleas Court action and plaintiff-appellee's additional evidence of exhibits consisting of a copy of the insurance policy involved and a copy of a journal entry granting a divorce in Common Pleas action between Madeline Csohan and John Csohan. Briefs of counsel and oral arguments were submitted to aid the court.

On the hearing before this court, plaintiff-appellee moved that the appeal be dismissed for the reason that the granting of a temporary injunction is not a final order from which an appeal will lie. Considering the facts and circumstances in the record before us, to label the injunction temporary or perma-

nent, is of no importance. The practical effect thereof, if it were to remain in full force and effect, would be to deprive this defendant of a valid legal or equitable remedy that might..well protect it from having to pay the proceeds of this policy twice. Furthermore, such an order made in a special proceeding affects a substantial right. In view thereof, the motion to dismiss the appeal is overruled.

The next question is the propriety of the granting of the injunction and specifically the premise upon which it was founded. The trial court stated that "the court finds that it has prior jurisdiction and * * * that it would be oppressive to the plaintiff to be restrained by another court from proceeding with the within action and accordingly" the court ordered the injunction.

There is no question that the action filed in Cuyahoga County, Ohio, had priority over the California proceeding in point of time, in jurisdiction of the subject matter and the parties plaintiff and the defendant. It is said in *James v. Grand Trunk Western Railroad Company*, Illinois Supreme Court, 152 N. E. (2d), 858, at page 865:

"There is no quarrel with the basic principle that a court has a duty, as well as power, to protect its jurisdiction over a controversy in order to decree complete and final justice between the parties and may issue an injunction for that purpose, restraining proceedings in other courts." (Citing cases.)

However, in entertaining jurisdiction in the case at bar, is it within the power of the Court of Common Pleas of Cuyahoga County "to decree complete and final justice between the parties?"

When granting the injunction the court had before it the affidavit of the defendant wherein it is made to appear:

1. that defendant does not deny liability upon the policy in question;

2. that there are two claimants for the face value of the policy to the exclusion of each other;

3. that both claimants are residents of California, including the plaintiff herein;

4. that service upon both was had in California;

5. that the other claimant as a resident of California is not subject to the jurisdiction of the courts of Ohio;

6. documentary proof of presentation of claim and demand for payment by the other claimant, mother of this plaintiff, and proof of basis upon which mother's claim is founded;

7. that defendant is willing to pay the proceeds of the policy to the lawful beneficiary but that it does not know which beneficiary has the better claim at law;

8. that in the interpleader action the California court has jurisdiction of the subject matter as well as both claimants and has the power to decree complete and final justice to all persons interested in the subject matter.

Since the defendant is confronted with two claims for the proceeds of this insurance policy, it has resorted to the procedure known as interpleader in a court that has jurisdiction of the subject matter and jurisdiction of both claimants. The procedure of interpleader has been recognized as proper under such circumstances over the centuries. It is designed to protect a stakeholder when there are conflicting claims against the funds which are admittedly due to someone but the proper one is not known and a court of competent jurisdiction is asked to legally adjudicate the conflict.

It is apparent that the Cuyahoga County court cannot obtain jurisdiction over the person of the other claimant since she is a resident of California. If this is true, how then can the Court of Common Pleas of Cuyahoga County legally resolve the conflict? Since it is unable to do so, it does not have the power to decree complete and final justice in the proceedings.

The application to the Court of Common Pleas for an injunction invokes the equitable jurisdiction of the court and the application of equitable principles. If it were possible for the local court to obtain jurisdiction of the other claimant, it could and no doubt would entertain an interpleader by the defendant and then proceed to resolve the conflicting claims of the respective claimants. But to ignore its inability to do so and thus expose the defendant to the risk of being required to pay the proceeds twice is something which we cannot sanction. The defendant is also entitled to complete and final justice.

It must be borne in mind that it is not the defendant who is seeking a favorable court. The action here was instituted by the plaintiff. The defendant wants only to have the conflict

determined where the court has the power to decide which of the claimants is the proper beneficiary and protect it from double exposure.

Counsel for the appellee has urged that the defendant could interplead in the local court and obtain service upon the other claimant by publication. That can only be done when a court obtains control over money or property belonging to such owner. Clearly, a prospective claim to such funds would not support the statutory requirement for service by publication.

Counsel for the appellee has also urged that the defendant in its interpleader procedure has prayed for allowance of a reasonable attorney fee and its costs. This is not only permissible and proper in California but also in Ohio if the interpleader were resorted to under the same circumstances.

We know of no reason why the merits of this action cannot be resolved by the California court where a final and complete adjudication of this matter can be had. We likewise cannot agree with the conclusion reached by the trial court that it would be oppressive to plaintiff to be restrained by another court from proceeding with the within action. While we agree that a court has the duty and power to protect its jurisdiction, we are of the opinion that the court seeking to do so should not overlook its inability to do complete and final justice where such fact becomes apparent to the court.

Decree for defendant-appellant. Exceptions noted. Order see journal.

KOVACHY, P. J., SILBERT and ARTL, JJ., concur.