RICHARD G. LOWE et al., Plaintiffs-Appellees, v. NORFOLK AND WESTERN RAILWAY COMPANY et al., Defendants.—(MONSANTO COMPANY, Defendant-Appellant.)

Fifth District   No. 80-464

Opinion filed May 26, 1981.

J. William Newbold, Gregory H. Wolk, and Kurtis B. Reeg, all of Colburn, Croft & Putzell, of St. Louis, Missouri, and Edward G. Maag and James C. Cook, both of Walker & Williams, P. C., of Belleville, for appellant.

Paul L. Pratt and Randolph E. Schum, both of Paul L. Pratt, P. C., of East Alton, for appellees.

Mr. PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiffs are 26 Missouri residents who are alleged to have been injured as result of a railroad chemical spill which occured near Sturgeon, Missouri. They each filed separate suits in Madison County, Illinois, for compensatory and punitive damages, and the 26 suits were consolidated for purposes of discovery. Thereafter, defendant, Monsanto Company, filed an action, "in the nature of interpleader" in Montgomery County, Missouri, attempting to interplead the plaintiffs herein together with other plaintiffs who have sued for punitive damages in actions in Boone County, Missouri. Initially, Monsanto obtained a temporary restraining order restraining the plaintiffs herein from prosecuting their cases in Madison County, Illinois, until a decision on the merits of its suit in the nature of interpleader was obtained in the trial court in Montgomery County, Missouri.

Subsequently, in Madison County, Illinois, plaintiffs obtained a preliminary injunction enjoining Monsanto from proceeding with its interpleader action in Missouri. It is from this order and writ of injunction that Monsanto has perfected a consolidated interlocutory appeal to this court. In the interest of comity, this court stayed the operation of the Illinois injunction against Monsanto to enable the Missouri court to arrive at a ruling on the merits of Monsanto's interpleader action in the circuit court of Montgomery County, Missouri.

Thereafter, on January 6, 1981, Monsanto's suit in the nature of interpleader was dismissed on its merits by the Montgomery County, Missouri, circuit court, thereby automatically terminating this court's stay of the Madison County, Illinois, injunction against Monsanto. Despite its ruling on the merits of Monsanto's motion, however, the Missouri court reinstated the restraining order against the plaintiffs while Monsanto's appeal of its dismissal order to the Missouri Court of Appeals was pending. It is in the context of these proceedings that we consider Monsanto's appeal of the Madison County, Illinois, circuit court's order and writ of injunction.

The instant cases arise from a train derailment which occurred on January 10, 1979, at Sturgeon, Missouri. The 26 plaintiffs are either present or former employees of the Norfolk and Western Railway Company. They each brought suit in Madison County, Illinois, and alleged that they were injured as a result of exposure to a chemical substance which escaped as a result of the derailment. Monsanto was the manufacturer of the chemical being transported, orthochlorophenol; and it is alleged that Monsanto had contaminated such chemical by the introduction into it of several types of dioxin, a highly toxic and dangerous chemical. In addition to Monsanto, the plaintiffs also filed suit against three other defendants: the Norfolk and Western Railway Co., the manufacturer of the tank car which contained the chemical, and the manufacturer of a component part of the tank car.

The instant cases are a portion of a number of suits brought against Monsanto as a result of the Sturgeon spill. At the time of the hearing and order below, 22 suits brought by 59 Missouri residents were pending in the circuit court of Boone County, Missouri. In addition, Monsanto was named as a third-party defendant in a suit filed in the Federal District Court for the Western District of Missouri in which 53 Missouri residents were plaintiffs. However, only the plaintiffs in the cases brought in the State courts of Missouri and Illinois sought punitive damages. At the time of the Madison County, Illinois, injunction order, 85 individuals and corporations, all of whom were Missouri residents, were claiming punitive damages from Monsanto as a result of the Sturgeon derailment. None of the suits were pending in Montgomery County, Missouri.

It is alleged that the orthochlorophenol involved in the spill was manufactured by Monsanto at its Sauget, Illinois, plant and that it was there contaminated by the dioxin as a result of Monsanto's negligence. It was further alleged that the chemical was then loaded by Monsanto into the tank cars and sent to its intended destination in the State of Washington from Sauget. Monsanto was served with process in the instant suits and filed its appearance in Madison County. After Monsanto's petition for dismissal on the grounds of *forum non conveniens* was denied on March 28, 1980, Monsanto filed its answer on May 22, 1980.

Subsequently, on September 3, 1980, Monsanto filed its petition in the nature of interpleader in the circuit court of Montgomery County, Missouri, in which it sought to interplead the Missouri and Illinois plaintiffs who had sued for punitive damages. The theory of Monsanto's suit was that since punitive damages were sought to punish it for the incident involved, the Sturgeon spill, the filing of multiple suits in various jurisdictions would expose it to excessive punishment.

On the same date, at the request of Monsanto, the Montgomery County circuit court issued an *ex parte* temporary restraining order. All of

the 85 defendants in the interpleader action, including the plaintiffs in the 26 cases at bar, were ordered to refrain from the further prosecution of their claims for punitive damages against Monsanto until a hearing could be held on the interpleader petition. Additionally, the interpleader defendants were ordered to show cause why a temporary injunction should not be issued restraining them, during the pendency of the interpleader action, from litigating their claims for punitive damages against Monsanto except in the interpleader action. Hearing on the order to show cause was set for November 7, 1980.

On September 17, 1980, the plaintiffs in the 26 Illinois cases filed motions for a preliminary injunction in Madison County, seeking to enjoin Monsanto from prosecuting its action in Missouri. Hearing on the motions was set for September 19, 1980. On September 18, 1980, on the motion of Monsanto, the circuit court in Montgomery County, Missouri, ordered the Illinois plaintiffs to show cause why they should not be adjudged to be in contempt of court and punished accordingly for violating the Missouri temporary restraining order.

On September 19, 1980, hearing was held in Madison County, Illinois, on the motions for a preliminary injunction; and on September 26, 1980, the trial court issued the order of injunction enjoining Monsanto from prosecuting the Missouri action until January 1, 1982. In its order the court made the following finding:

> "The Court finds that the Plaintiffs are entitled to have all of their claims determined by this Court and should not be required to litigate their respective claims piecemeal."

It is from this order of injunction that Monsanto appeals.

Following its filing of notice of interlocutory appeal in this cause, Monsanto sought a stay of the injunction to permit the court in Montgomery County, Missouri, to rule on its petition in the nature of interpleader in that court. The stay was granted on October 3, 1980; and the hearing on Monsanto's petition in Montgomery County, Missouri, was held on November 7, 1980. On December 26, 1980, the circuit court of Montgomery County, Missouri, notified the parties of its proposed order dissolving the temporary restraining order and dismissing Monsanto's petition in the nature of interpleader. However, the Montgomery County court agreed to withhold its order pending the filing of a petition for writ of prohibition against its order in the Missouri Court of Appeals. Ultimately, on January 6, 1981, the Missouri court entered its order dismissing Monsanto's petition on its merits; however, it restored the temporary restraining order against plaintiffs pending Monsanto's appeal of the court's order to the Missouri Court of Appeals. The following day, January 7, 1981, this court found that its stay of the Illinois injunction

automatically dissolved upon entry of the order on the merits of Monsanto's action in the nature of interpleader in Missouri.

In addition to the plaintiffs in the case at bar, all of the plaintiffs in Boone County, Missouri, who claimed punitive damages were also defendants in Monsanto's Montgomery County, Missouri, action in the nature of interpleader. Each of them has now dismissed his Missouri suit and refiled it in St. Clair County, Illinois.

We observed at the outset that Monsanto's Missouri proceeding was designated to be an action "in the nature of interpleader." The distinction between an interpleader action and one "in the nature of interpleader," was discussed by the United States Supreme Court in *Texas v. Florida* (1939), 306 U.S. 398, 83 L. Ed. 817, 59 S. Ct. 563, in which the court stated that the peculiarity of the strict bill of interpleader was that the plaintiff asserted no interest in the debt or fund, the amount of which he placed at the disposal of the court, and asked that the rival claimants be required to settle in the equity suit the ownership of the claim among themselves. The court further observed:

> "[Where] the sole ground for equitable relief is the danger of injury because of the risk of multiple suits when the liability is single [citations], and as plaintiffs who are not mere stakeholders may be exposed to that risk, equity extended its jurisdiction to such cases by the bill in the nature of interpleader. The essential of the bill in the nature of interpleader is that it calls upon the court to exercise its jurisdiction to guard against the risks of loss from the prosecution in independent suits of rival claims where the plaintiff himself claims an interest in the property or fund which is subjected to the risk. The object and ground of the jurisdiction are to guard against the consequent depletion of the fund at the expense of the plaintiff's interest in it and to protect him and the other parties to the suit from the jeopardy resulting from the prosecution of numerous demands, to only one of which the fund is subject." (306 U.S. 398, 406-07, 83 L. Ed. 817, 825, 59 S. Ct. 563, 568.)

The provisions of the Missouri interpleader rule, which is the basis for Monsanto's Missouri suit, and the provisions of section 26.2 of the Illinois Civil Practice Act are virtually identical. Rule 52.07, Missouri Rules of Civil Procedure; Ill. Rev. Stat. 1979, ch. 110, par. 26.2.

The cases which have come to our attention addressing the issues presented by the case at bar are few in number. However, they indicate that the fact that Illinois first obtained jurisdiction, of itself, is not justification for the Illinois courts to enjoin a defendant from maintaining a valid interpleader action in a foreign State against plaintiffs who brought a prior action in Illinois. In *Csohan v. United Benefit Life*

*Insurance Co.* (Ohio App. 1964), 33 Ohio Op. 2d 36, 200 N.E.2d 345, plaintiff, the beneficiary in a life insurance policy issued by the defendant, filed an action in Ohio claiming the face amount of the policy. The plaintiff was a resident of California. Thereafter, the defendant filed an interpleader action in California, asking that a preliminary injunction issue to restrain plaintiff from proceeding with her prior suit in Ohio.

Subsequently, plaintiff sought a temporary restraining order in the Ohio suit enjoining defendant from proceeding with its California action. In response, defendant asserted, *inter alia*, that there were two claimants for the face value of the policy; that both claimants were residents of California, including the plaintiff who sued in Ohio; that service upon both was had in California; that the other claimant, being a resident of California, was not subject to the jurisdiction of the courts of Ohio; and that in the interpleader action the California court had jurisdiction of the subject matter as well as both claimants and had the power to decree complete and final justice to all persons interested in the subject matter. Thereafter, the Ohio trial court issued the requested temporary restraining order, stating that "the court finds that it has prior jurisdiction and * * * that it would be oppressive to the plaintiff to be restrained by another court from proceeding with the within action."

On appeal, the Ohio reviewing court found that although the action filed in Ohio had priority over the California proceeding in point of time, both as to jurisdiction of the subject matter of the suit filed there and its parties, it was not within the power of the Ohio court to decree complete and final justice between the parties. In support of its decision, the *Csohan* court stated:

> "It is apparent that the Cuyahoga County court cannot obtain jurisdiction over the person of the other claimant since she is a resident of California. If this is true, how then can the Court of Common Pleas of Cuyahoga County legally resolve the conflict? Since it is unable to do so, it does not have the power to decree complete and final justice in the proceedings.
>
> The application to the Court of Common Pleas for an injunction invokes the equitable jurisdiction of the court and the application of equitable principles. If it were possible for the local court to obtain jurisdiction of the other claimant, it could and no doubt would entertain an interpleader by the defendant and then proceed to resolve the conflicting claims of the respective claimants. But to ignore its inability to do so and thus expose the defendant to the risk of being required to pay the proceeds twice is something which we cannot sanction." (*Csohan*, 33 Ohio Op. 2d 36, 38-39, 200 N.E.2d 345, 348.)

A similar result was reached in *Wilser v. Modern Woodmen of America* (1916), 132 Minn. 167, 156 N.W. 271.

At the outset we note that Monsanto is more than a stakeholder in the case at bar; therefore, its Missouri suit was an action "in the nature of interpleader" and not specifically an interpleader action. Consequently, neither *Csohan* nor *Wilser* controls our decision in this cause.

The record in the instant case establishes that the rights of Monsanto were both recognized and protected by this court while the merits of Monsanto's claim in the nature of interpleader were being litigated in the trial court in Missouri. All of the plaintiffs whom Monsanto sought to interplead, including those who filed their actions in Illinois, were Missouri residents and thus subject to the jurisdiction of the Missouri courts. Further, those plaintiffs who had filed their action in Missouri were not subject to jurisdiction of the Illinois courts. Therefore, in support Monsanto's suit for injunctive relief in Missouri, it is argued that Monsanto could obtain complete and final justice in the proceedings only in Missouri.

The validity of such a position must necessarily be based upon the premise that the Missouri interpleader rule affords defendant a remedy on the facts of the instant case. However, the suit in Missouri would of necessity be limited in its scope to that portion of the relief sought by the plaintiffs which relates to punitive damages. Missouri lacks jurisdiction under the facts of this cause to adjudicate plaintiff's claims for compensatory damages.

In addition to the plaintiff not being simply a stakeholder, the case at bar differs from both *Csohan* and *Wilser* because of the fact that here, Missouri, the foreign jurisdiction, found that defendant's action in the nature of interpleader could not be maintained under the Missouri interpleader rule. The Missouri court determined that while the claims of the Illinois and Missouri plaintiffs arose from a single act, they did not arise from a single liability so as to subject them to an interpleader proceeding. Therefore, because plaintiff is not merely a stakeholder and further because the Missouri court concluded that an action in the nature of interpleader is improper here, *Csohan* and *Wilser* are not controlling.

A number of general rules have evolved from cases involving similar questions of concurrent jurisdiction between States. While a court of equity has power to restrain persons within its jurisdiction from instituting or proceeding with foreign actions, the exercise of such power is a matter of great delicacy invoked with great restraint to avoid distressing conflicts and reciprocal interference with jurisdiction. (*James v. Grand Trunk Western R. R. Co.* (1958), 14 Ill.2d 356, 152 N.E.2d 858.) In no case will a difference of remedy between forums or mere inconvenience and

expense of defending in the other jurisdiction constitute grounds for such an injunction. *James v. Grand Trunk Western R. R. Co.*

■■ Illinois has repeatedly recognized the policy of protecting the jurisdiction which is first acquired over the parties and the merits of the cause. (*Block & Co. v. Storm Printing Co.* (1976), 40 Ill. App. 3d 92, 351 N.E.2d 271; *People ex rel. Scott v. Jones* (1970), 44 Ill.2d 343, 255 N.E.2d 397.) The law in Missouri is the same:

> "[I]t is settled in Missouri that where two actions involving the same subject matter between the same parties are brought in courts of concurrent jurisdiction, the court in which service of process is first obtained acquires exclusive jurisdiction and may dispose of the entire controversy without interference from the other." (*State ex rel. General Dynamics Corp. v. Luten* (Mo. 1978), 566 S.W.2d 452, 458; see also *State ex rel. New York, Chicago & St. Louis R. R. Co. v. Nortoni* (Mo. 1932), 331 Mo. 764, 769-70, 55 S.W.2d 272, 274.)

The importance of priority of jurisdiction is based on the policy that after suits are commenced in one State, it is inconsistent with interstate harmony if their prosecution be controlled by the courts of another State. (*James v. Grand Trunk Western R. R. Co.*) In addition, the primacy of prior jurisdiction is intended to protect the plaintiff's " '* * * right to select such tribunal having jurisdiction as he chooses for the prosecution of his rights * * *.' " (*James v. Grand Trunk Western R. R. Co.* (1958), 14 Ill.2d 356, 366, 152 N.E.2d 858, 864; *cf. Royal League v. Kavanagh* (1908), 233 Ill. 175, 84 N.E.2d 178.) Thus, the courts of Illinois will refuse to restrain the prosecution of a prior instituted action pending in another State "unless a clear equity is presented requiring the interposition of the court to prevent a manifest wrong and injustice." *James v. Grand Trunk Western R. R. Co.* (1958), 14 Ill. 2d 356, 363, 152 N.E.2d 858, 862.) Stated differently, prosecution of a prior instituted action may be restrained only if it will result in "fraud, gross wrong or oppression." *Illinois Life Insurance Co. v. Prentiss* (1917), 277 Ill. 383, 387, 115 N.E. 554, 556.

However, the restraint of subsequent actions by a State which has acquired prior jurisdiction is less limited. The bare fact of prior jurisdiction is not sufficient, absent equitable considerations, to provide a basis to enjoin a suit in a foreign jurisdiction. (*Prentiss.*) On the other hand, a court "has a duty, as well as power, to protect its jurisdiction over a controversy in order to decree complete and final justice between the parties and may issue an injunction for that purpose, restraining proceedings in other courts." *James v. Grand Trunk Western R. R. Co.* (1958), 14 Ill.2d 356, 368, 152 N.E.2d 858, 865.) Thus, under *James* a lower standard is applied as to subsequently filed suits. As stated by the court in *Block & Co. v. Storm Printing Co.*:

"The *James* decision firmly establishes that a court of equity has the power, in appropriate circumstances, to restrain persons within its jurisdiction from instituting or proceeding with actions in the courts of sister states. More specifically, *James* reaffirms this State's policy to protect the jurisdiction which is first acquired over the parties and the merits of the cause. Illinois courts have consistently refrained enjoining parties from prosecuting a prior instituted action pending in another jurisdiction absent convincing proof of fraud, gross wrong or oppression. [Citation.] The *James* decision does not require a similarly stringent standard of proving gross wrong or manifest injustice * * * before an Illinois court may enjoin a party from further proceeding in a subsequently instituted action pending in a sister jurisdiction." (*Block & Co. v. Storm Printing Co.* (1976), 40 Ill. App. 3d 92, 95, 351 N.E.2d 271, 274.)

The court in *Block & Co.* further held that a subsequently instituted action will be enjoined "if further prosecution appears to be oppressive, vexatious, annoying, harassing, or unduly interfere with the progress of a prior instituted local action." (*Block*, 40 Ill. App. 3d 92, 95, 351 N.E.2d 271, 274.) Further, although mere inconvenience and expense of defending a foreign action does not constitute a manifest wrong or injustice adequate to justify an injunction, where complete relief can be had where litigation is pending, the institution of foreign proceedings will be regarded " 'as vexatious harassing of the opposite party.' [Citation.]" *Wells v. Wells* (1976), 36 Ill. App. 3d 91, 93, 343 N.E.2d 215, 217.

Applying the rationale of these cases to the instant case, if interpleader is necessary to do complete justice between the parties and it can be accomplished only in Missouri, the Montgomery County, Missouri, injunction must be recognized by the courts of Illinois; however, where a complete remedy may be obtained in Illinois, the State with the prior jurisdiction, the Missouri injunction need not be recognized. *James; Block & Co.*

■■ In any case where a foreign injunction is recognized, the recognition is made solely on the grounds of comity. (*James*.) Once the jurisdiction of a court and the right of a party to prosecute the proceeding therein have attached, that right cannot be arrested or taken away by proceedings in another court. (*James; State ex rel. New York, Chicago & St. Louis R. R. v. Nortoni*.) Consequently, where a sister State enjoins a litigant from proceeding with a previously instituted action, the court in the forum State will usually refuse to recognize the injunction as a bar to disposition of the pending action. (*Abney v. Abney* (Ind. App. 1978), 374 N.E.2d 264.) Neither the full-faith-and-credit clause nor rules of comity require compulsory recognition of such injunction so as to abate or preclude the

disposition of the pending case. (*James.*) Furthermore, in an appropriate case where a foreign injunction prohibiting a litigant from proceeding with a previously instituted action is denied recognition, the issuance of a counterinjunction may be appropriate to protect jurisdiction in the forum where the action was first commenced. *James; Keck v. Keck* (1972), 8 Ill. App. 3d 277, 290 N.E.2d 385.

■■ Applying these principles to the instant case, we conclude that the propriety of Monsanto's petition in the nature of interpleader and the circumstances present require adjudication of the claims of the parties in Illinois. The plaintiffs brought suit in Illinois, and Illinois first obtained jurisdiction over the parties and the subject matter. Months later, after dismissal of the suits on grounds of *forum non conveniens* was refused, Monsanto brought its action in Missouri. Accordingly, Missouri's restraint of the plaintiff's actions in Illinois would be justified only on a finding of "fraud, gross wrong or oppression." On the other hand, if complete relief may be had in Illinois, the propriety of enjoining the prosecution of subsequent Missouri action by the Madison County circuit court is to be tested by the less stringent standard of *Wells v. Wells*; and Illinois, as the forum with prior jurisdiction, need not recognize the restraining order issued by the court in Missouri.

The circumstances of the instant case as are presented to this court are far different than those which prevailed when Monsanto originally filed its interpleader action in Missouri. Since that time, the claim in the nature of interpleader has been dismissed as not being authorized by the Missouri interpleader rule. Moreover, Monsanto's primary justification for bringing its action in Missouri, present in *Csohan* and *Wilser*, was the fact that only Missouri could obtain jurisdiction over the subject matter as well as all of the plaintiffs suing for punitive damages. However, as stated before, subsequent to the original order in this cause, all of the plaintiffs who sought punitive damages in the Boone County, Missouri, proceedings have dismissed their claims and refiled them in St. Clair County, Illinois. Consequently, the courts of Illinois now have jurisdiction over both the subject matter and all of the parties to Monsanto's interpleader claim.

Under such circumstances, Monsanto's action in the nature of interpleader may be maintained in Illinois as well as Missouri since all parties seeking punitive damages are subject to Illinois jurisdiction. Jurisdiction first attached in Illinois, and this court has both the power and the duty to protect such jurisdiction. (*James v. Grand Trunk Western R. R. Co.; Block & Co. v. Storm Printing Co.*) Further, Monsanto's Missouri suit would result in the separation of the plaintiff's claims for punitive damages from their claims for compensatory damages. Courts in Illinois are in a position

to adjudicate plaintiffs' claims for both compensatory and punitive damages. Only Illinois could provide a complete remedy to all the parties.

We conclude, therefore, that Monsanto's prosecution of its action in the nature of interpleader in Missouri is oppressive and unduly interferes with the progress of these prior instituted local actions.

Furthermore, the laws of Illinois and Missouri regarding interpleader are virtually identical. Although we do not deem it necessary to our determination of this cause, we conclude that there is no merit to Monsanto's suit in the nature of interpleader in Missouri, as was decided by the circuit court of Montgomery County, Missouri. Therefore, under the rationale of *Block & Co. v. Storm Printing Co.* and *Wells v. Wells*, we affirm the order of the trial court.

In urging that its action in the nature of interpleader brought in Missouri was appropriate in the instant case, Monsanto relies on *Roginsky v. Richardson-Merrell, Inc.* (2d Cir. 1967), 378 F.2d 832, and *Maxey v. Freightliner Corp.* (N.D. Tex. 1978), 450 F. Supp. 955, as recognizing the inherent dangers of multiple awards of punitive damages arising from the same act. However, the Montgomery County, Missouri, court held that an action in the nature of interpleader was not an available remedy under the facts presented.

Exposure to multiple recoveries for a single wrongful act is not the equivalent of being exposed to multiple recoveries for a single liability, as was referred to in *Francis I. duPont & Co. v. O'Keefe* (7th Cir. 1966), 365 F.2d 141, and *Smith v. Preis* (Mo. 1965), 396 S.W.2d 636. As the Montgomery County court noted, it is only the latter situation which is afforded the protection of the interpleader statute. A single wrongful act may expose an individual to multiple liabilities, as in the instant case, liability for compensatory damages and liability for punitive damages. In this regard, Monsanto recognized its inability to interplead plaintiffs' actions for compensatory damages in spite of the fact that all damages are alleged to have arisen out of Monsanto's single wrongful act.

Although the Montgomery County court found that an action in the nature of interpleader was not a remedy available to Monsanto, it renewed its order restraining plaintiffs from pursuing their actions in Illinois pending review of its order by the Missouri Court of Appeals. Monsanto's Missouri action was instituted after plaintiffs had brought suit in Illinois. As a matter of fact, Illinois first obtained jurisdiction over the parties and the subject matter, and months later, after its motion to dismiss on the grounds of *forum non conveniens* was denied, Monsanto brought its action in Missouri. Accordingly, Missouri's restraint of the plaintiffs' actions in Illinois would be justified only if "fraud, gross wrong or oppression" were found to exist. On the other hand, the propriety of the

enjoining of the subsequent Missouri action by the Madison County circuit court is to be tested by the less stringent "oppressive, vexatious, annoying, or harassing" standard. As we have previously stated, this court in *Wells v. Wells* concluded that the institution of foreign proceedings will be regarded as vexatious harassing of the opposite party where complete relief can be had where litigation is pending. Therefore, based on the rationale of *James v. Grand Trunk Western R. R. Co., State ex rel. New York, Chicago & St. Louis R. R. v. Nortoni, Wells v. Wells* and *Abney v. Abney*, we conclude that such further restraint of the plaintiffs was improper, and we do not recognize it as precluding disposition of the case at bar in this proceeding.

■■ Further, we conclude that in a very significant aspect, complete justice can be achieved between the parties only in Illinois. In general, punitive damages may not be awarded in the absence of compensatory damages. (*Spence v. Staras* (7th Cir. 1974), 507 F.2d 554; *Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 393 N.E.2d 1223.) Monsanto's attempt to interplead claims for punitive damages in Missouri would result in the separation of plaintiff's claims for punitive damages from their claims for compensatory damages. This result would require unnecessary expenditures of both time and money, and would render it impossible to comply with the requirement that punitive damages awarded may not be disproportionate to the actual damages sustained. (See *Selimos v. Christ* (1947), 331 Ill. App. 412, 73 N.E.2d 152 (abstract).) Additionally, the courts of Illinois continue to recognize the right of a plaintiff to "select such jurisdiction as he chooses for the prosecution of his rights," as stated in *James v. Grand Trunk Western R. R. Co.* (1958), 14 Ill.2d 356, 366, 152 N.E.2d 858, 864. In combination, all of these factors preclude the continued exercise of jurisdiction over the parties and subject matter of the case at bar by the trial court in Montgomery County, Missouri. Accordingly, we conclude that the interest of comity does not require that the courts of Illinois recognize the temporary restraining order issued by the Montgomery County, Missouri, circuit court as a bar to further prosecution of the instant case by plaintiffs.

Monsanto also urges that the order of the Madison County trial court be reversed on appeal because of alleged deficiencies in the petition for preliminary injunction and supporting affidavits filed in the trial court by the plaintiffs. No objection was made by defendants at trial to the sufficiency of the petitions or the affidavits; therefore, we conclude that any such objection has been waived, and we will not consider them for the first time on appeal.

Finally, Monsanto contends that certain deficiencies in the injunction order issued by the trial court render it invalid.

Section 3—1 of the Injunction Act (Ill. Rev. Stat. 1979, ch. 69, par. 3—1) provides, *inter alia*, as follows:

"Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; * * * ."

Monsanto contends that the instant injunction order did not describe the acts sought to be enjoined in reasonable detail. We disagree.

The order enjoined Monsanto, until further order or until January 1, 1982, from maintaining

" * * * the prosecution of Case No. CV380144CC in Montgomery County, State of Missouri, against these Plaintiffs, and from the filing and prosecution of any other actions of interpleader or other equitable remedies against these Plaintiffs in a Court of original jurisdiction, other than the Third Judicial Circuit, Madison County, Illinois."

This description of the acts enjoined is sufficient both in terms of duration and detail.

Monsanto further asserts that the order failed to include a finding that the preliminary injunction was necessary to avert "fraud, gross wrong or oppression." However, since the Missouri proceeding was a subsequently filed suit, its further prosecution may be restrained if such further prosecution "appears to be oppressive, vexatious, annoying, harassing, or unduly interfere with the progress of a prior instituted local action." (*Block & Co. v. Storm Printing Co.* (1976), 40 Ill. App. 3d 92, 95, 351 N.E.2d 271, 274.) Monsanto sought to force plaintiffs to pursue their claims for punitive damages in Missouri while their claims for compensatory damages were to be adjudicated in Illinois. The order appealed from specified that "the Plaintiffs are entitled to have all of their claims determined by this Court and should not be required to litigate their respective claims piecemeal." This finding was sufficient to support the issuance of the injunction. *Cf. Wells v. Wells.*

For the foregoing reasons, the order of the Madison County circuit court is affirmed.

Affirmed.

JONES and WELCH, JJ., concur.