MONSANTO COMPANY,
Plaintiff-Appellant,

v.

Terry Eugene PARKER, et al.,
Defendants-Respondents.

No. 43829.

Missouri Court of Appeals,
Eastern District,
Division One.

April 6, 1982.

Motion for Rehearing and/or Transfer
Denied May 14, 1982.

Application to Transfer Denied
July 12, 1982.

---

Kenneth R. Heineman, Coburn, Croft & Putzell, J. William Newbold, Gregory H. Wolk, St. Louis, for plaintiff-appellant.

Jerome W. Seigfried, Mexico, Randolph E. Schum, East Alton, for defendants-respondents.

STEWART, Presiding Judge.

Plaintiff, Monsanto Company, filed a petition in the trial court seeking to have eighty-five litigants, individuals and corporations, who had actions pending against it "interplead their respective claims for punitive damages against Plaintiff Monsanto Company." The trial court dismissed plaintiff's petition.

We affirm but for a reason other than that given by the trial court.

The eighty-five claims arise out of a spill of toxic chemicals that occurred in the derailment of a Norfolk and Western Railway (N&W) tank car in Boone County, Missouri and the clean-up of the spill. Fifty-nine claimants filed suits for actual and punitive damages in Boone County, Missouri. Twenty-six claimants, all residents of Missouri and employees or former employees of N & W, filed suits in Madison County, Illinois for actual and punitive damages.[1]

Plaintiff here filed its petition in Montgomery County, Missouri, seeking to require all eighty-five litigants to interplead their claims for punitive damages in that action. Plaintiff also sought to enjoin the eighty-five litigants from pursuing their claims for punitive damages in the actions that had been filed by them in Boone County, Missouri and in Madison County, Illinois. An ex parte temporary restraining order was issued by the Montgomery Circuit Court restraining the litigants from pursuing their punitive damage claims.

The defendants who had suits filed in Madison County, Illinois, obtained a temporary injunction in the Circuit Court of Madison County enjoining Monsanto from proceeding further against them in the action pending in Montgomery County, Missouri. See *Lowe v. Norfolk & Western Railway Co.*, 96 Ill.App.3d 637, 421 N.E.2d 971 (1981).

The defendants who had actions pending in Boone County filed a motion to dismiss Monsanto's petition. They included an affidavit with their motion advising the court that the actions that had been filed in Boone County had been dismissed without prejudice and that no claims for punitive damages were pending. These defendants subsequently filed suits in St. Clair County, Illinois seeking actual damages. The defendants who filed suits in Madison County, Illinois appeared specially to contest the jurisdiction and the venue of the Circuit Court of Montgomery County, Missouri.

The trial court, after a hearing on the motions, dismissed Monsanto's petition and dissolved the temporary restraining order. The court held that Monsanto's action did not come within the purview of § 507.060 RSMo 1978, Missouri's interpleader statute. Subsequent to the entry of judgment, the temporary restraining order was restored and modified pending final exhaustion of appeals.

Monsanto's appeal from that judgment is confined to the litigants who had originally filed their actions in Boone County. It did not undertake to proceed against the N & W employees who filed their actions in Madison County, Illinois because of the injunction that had been issued out of that court.

The relief sought in Monsanto's action was to interplead the punitive damage claims and to thereafter determine whether

---

Monsanto was liable for punitive damages and the amount, if any, and to determine what share of punitive damages, if any, the various litigants were entitled to recover.

As mentioned above, since the filing of this action, the defendants in this action who would have been affected by this proceeding, have dismissed the actions that were then pending in Boone County. They then filed their actions in the State of Illinois where they are seeking only actual damages. There are no punitive damage claims pending; there is therefore no relief sought that can be granted to the parties that would be affected by a decision of this case. It follows that the cause is moot. *Personal Finance Co. of Missouri v. Day,* 349 Mo. 1139, 164 S.W.2d 273 (1942); *Carrothers v. Beal,* 565 S.W.2d 807 (Mo.App. 1978). That the defendants involved in this appeal or other persons may at some future time seek punitive damages arising out of the subject of the underlying litigation, is speculative and does not render a decision on the issues viable. See *V. S. DiCarlo Gen. Contractors, Inc. v. Kansas City Area Transportation Authority,* 564 S.W.2d 588 (Mo.App.1978).

The judgment of the trial court dismissing plaintiff's petition is affirmed for the reason that the issue to be determined as to the defendants before us was moot at the time the judgment was rendered. It necessarily follows that the temporary restraining order should be dissolved.

STEPHAN and GUNN, JJ., concur.