JERRY HOUGH, Plaintiff-Appellee, v. LEONARD MOONINGHAM, Defendant-Appellant.

Fifth District   No. 5—84—0832

Opinion filed January 10, 1986.

JONES, J., dissenting.

David Uhler, of Belleville, for appellant.

Jerald J. Bonifield, of Belleville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

This appeal involves an action for personal injuries sustained by plaintiff, Jerry Hough, when defendant, Leonard Mooningham, struck him in the head, then on the arm with a shovel. Plaintiff's complaint is in two counts. Count I sounds in negligence. Count II avers similar facts, but alleges wilful and wanton misconduct. Following a bench trial, the circuit court of St. Clair County entered judgment finding neither negligent nor wilful and wanton contributory fault by plaintiff, holding in favor of plaintiff and against defendant on both counts I and II of the complaint, and awarding plaintiff $30,000 in compensatory damages on count I and $30,000 in punitive damages on count II. Defendant appeals from that judgment. We affirm, as modified herein.

A threshold question posed by the circuit court's judgment is its apparent inconsistency. Taken literally, the court's concurrent finding in favor of plaintiff on counts I and II is equivalent to a determination that defendant's conduct was both negligent and wilful and wanton. This cannot be. Under Illinois law, these are distinct causes of action. Wilful and wanton misconduct essentially constitutes a separate tort of aggravated negligence. (*Morrow v. L.A.*

*Goldschmidt Associates, Inc.* (1984), 126 Ill. App. 3d 1089, 1095, 468 N.E.2d 414, 418.) In contrast to an ordinary negligence claim, an action for wilful and wanton misconduct requires a showing that injury was caused intentionally or under circumstances exhibiting a reckless disregard for the safety of others. (*Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 429, 412 N.E.2d 447, 457.) Thus, the Illinois Supreme Court has observed, "Negligence and willfullness are as unmixable as oil and water. 'Willful negligence' is as self-contradictory as 'guilt innocence.' " *Chicago, Rock Island & Pacific Ry. Co. v. Hamler* (1905), 215 Ill. 525, 540.

■■ Despite the technical inconsistency in the circuit court's judgment, reversal for further proceedings is unnecessary. Where, as here, the trier of fact returns separate plaintiff's verdicts on both negligence and wilful and wanton misconduct counts, the law will presume that the defendant has been found liable for wilful and wanton misconduct, the more serious charge. (*Churchill v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 127, 146-47, 383 N.E.2d 929, 938.) Such a presumption is amply supported by the pleadings, proof, and findings in this case. Evidently, judgment was entered for plaintiff on both counts simply because the trial court wanted to separate the compensatory damage award from its award of punitive damages. This was not required. Because count II prayed for both compensatory and punitive damages, the circuit court should have entered judgment for plaintiff only on that count and awarded all damages under that count. Under the circumstances of this case, however, the court's failure to do so is merely an error of form, not substance. Given this, a remand would serve no purpose but to delay the ultimate disposition of the litigation. Accordingly, pursuant to our authority under Supreme Court Rule 366(a)(5) (87 Ill. 2d R. 366(a)(5)), the circuit court's judgment is hereby modified as follows: on count II, judgment is entered in favor of plaintiff and against defendant, and plaintiff is awarded $30,000 compensatory damages and $30,000 in punitive damages; on count I, judgment is entered in favor of defendant and against plaintiff.

■■ Because our modification of the circuit court's judgment is not substantive, the arguments raised by defendant on appeal still pertain. Turning then to these arguments, defendant first contends that he was not in fact guilty of wilful and wanton misconduct or, if he was, that plaintiff was contributorily at fault. The circuit court's findings to the contrary cannot of course be disturbed unless they are contrary to the manifest weight of the evidence. (*Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 356, 226 N.E.2d 624, 626.) With

respect to defendant's conduct, the evidence here showed that defendant became angry with plaintiff and deliberately struck him on the side of the head with a shovel. Plaintiff was resting against a power company box in his back yard at the time, and defendant's blow was of sufficient force to knock plaintiff to the ground. As plaintiff attempted to get up, defendant deliberately struck him with the shovel again, the second blow landing squarely on plaintiff's right arm. Defendant was a professional building contractor, and the use of shovels was not foreign to him. Moreover, he was apparently trained in personal combat techniques, and his testimony left no question that he knew how to use a shovel as an offensive weapon to its best advantage. Significantly, defendant subsequently pleaded guilty to criminal charges of aggravated battery arising from this attack. Although defendant testified at trial that he did not really mean to hurt plaintiff, his actions belie this recantation. Considering the record as a whole, there can thus be no doubt that the circuit court was correct in finding that defendant's attack on plaintiff was indeed wilful and wanton.

■ There is likewise no doubt that the circuit court was correct in concluding that plaintiff was not contributorily at fault. Defendant suggests that plaintiff must accept equal responsibility for the attack because he provoked it. The basis for this provocation theory is that plaintiff precipitated the attack by telling defendant that he heard that defendant built shoddy houses and "ripped people off" with them. This argument has no merit. Prior to this incident, the parties' relationship was not cordial, but nothing in their earlier dealings would have led a reasonable person to believe that physical confrontation would result under the circumstances present here. Nor is there evidence of any kind that plaintiff purposefully or recklessly attempted to anger or incite defendant.

But there is a more fundamental flaw in defendant's argument. Although plaintiff's remarks apparently offended defendant's personal and professional pride, they were not accompanied by any overt act or physical threat. For more than 100 years, the courts of this State have held that mere words, no matter how abusive, are not sufficient justification for the use of force. (See, *e.g., Donnelly v. Harris* (1866), 41 Ill. 126, 128; *Smith v. Georgeoff* (1946), 329 Ill. App. 444, 447; *Walker v. Dominick's Finer Foods, Inc.* (1981), 92 Ill. App. 3d 645, 647, 415 N.E.2d 1213, 1215.) It necessarily follows that plaintiff's remarks to defendant cannot, as a matter of law, bar plaintiff's right to recovery or diminish his entitlement to compensation for the actual damages he sustained.

■ Defendant next contends that the compensatory damages awarded by the circuit court are excessive. An award of damages is excessive if the amount falls outside the necessarily flexible limits of fair and reasonable compensation or is so large as to shock the judicial conscience. (*Simmons v. Union Electric Co.* (1984), 121 Ill. App. 3d 743, 757, 460 N.E.2d 28, 38, *aff'd* (1984), 104 Ill. 2d 44, 473 N.E.2d 946.) Where, as here, the damage award has been made by the trial court sitting without a jury, that award will not be disturbed on appeal unless it is manifestly erroneous. *Lynch v. Precision Machine Shop, Ltd.* (1982), 93 Ill. 2d 266, 278, 443 N.E.2d 569, 575.

■ The record showed that plaintiff was approximately 36 years old at the time of trial. After defendant attacked him, plaintiff was taken to a hospital emergency room for treatment. His face was swollen for four months, and his arm was bruised and painful. The attack created or aggravated a dental problem, requiring extraction of teeth. Plaintiff's car cleaning business lost an estimated $1,400 in income because plaintiff could not work at all for one to two weeks and could not do large cleaning jobs for approximately three weeks. The attack also caused permanent injury to plaintiff's back, requiring periodic doctor visits and physical therapy, and hampering plaintiff's work. Medical testimony established that plaintiff will have to continue physical therapy in the future and that surgery may ultimately be necessary. Under these circumstances, we cannot say that the court's compensatory damage award of $30,000 is unreasonable or against the manifest weight of the evidence.

■ Another argument made by the defendant is that the trial court erred in admitting certain of plaintiff's exhibits into evidence. These exhibits consist of five bills for medical expenses incurred by plaintiff. Defendant maintains that the bills, or at least portions thereof, are unrelated to the injuries plaintiff sustained when defendant attacked him and are therefore irrelevant and immaterial.

The problem with this argument is that defendant never explains how admission of these exhibits, even if improper, adversely affected his case. It is axiomatic that error in admission of evidence does not require reversal if there has been no prejudice or if the evidence has not materially affected the outcome of the trial. (*Cummings v. Chicago Transit Authority* (1980), 86 Ill. App. 3d 914, 920, 408 N.E.2d 737, 740.) Defendant's belief, apparently, is that the trial court improperly considered this evidence in assessing the damages, but this is not supported by the record. Defendant's attorney was permitted to engage in extensive cross-examination regarding the disputed exhibits, and the court was certainly made aware of any problems with

them. Moreover, even without these exhibits there was sufficient other, competent evidence to support the damage award. Under these circumstances we must therefore presume that only the competent evidence was considered by the court, and any error in admitting incompetent evidence was harmless. *Magnone v. Chicago & North Western Transportation Co.* (1984), 126 Ill. App. 3d 170, 180, 466 N.E.2d 1261, 1268.

■ Defendant's final contention on appeal is that the trial court erred in awarding punitive damages or, in the alternative, that the punitive damage award was excessive. We disagree on both counts. Punitive damages may be awarded when torts are committed with fraud, actual malice, deliberate violence or oppression, or when the defendant acted wilfully or with such gross negligence as to indicate a wanton disregard of the rights of others. (*Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 186, 384 N.E.2d 353, 359.) Whether to award punitive damages is an issue for the sound discretion of the trial court, and its decision will not be set aside absent an abuse of discretion. (*Obermaier v. Obermaier* (1984), 128 Ill. App. 3d 602, 610, 470 N.E.2d 1047, 1053.) No abuse of discretion is present here given the court's finding that defendant was guilty of wilful and wanton misconduct and that plaintiff was not contributorily at fault.

■ ■ When punitive damages may be assessed, they are allowed in the nature of a punishment and example to deter the wrongdoer and others from committing like offenses in the future. (*Gent v. Collinsville Volkswagen, Inc.* (1983), 116 Ill. App. 3d 496, 505, 451 N.E.2d 1385, 1391.) Because of the penal nature of such damages, the law disfavors them and requires courts to exercise caution that they not impose punitive damages improperly or unwisely. (*Gent v. Collinsville Volkswagen, Inc.* (1983), 116 Ill. App. 3d 496, 505, 451 N.E.2d 1385, 1391; *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 188, 384 N.E.2d 353, 360.) As with entitlement to punitive damages, however, the amount of any punitive damage award is a matter for the sound discretion of the trier of fact. (*Smith v. Seiber* (1984), 127 Ill. App. 3d 950, 957, 469 N.E.2d 231, 236.) A reviewing court will reduce the amount of such an award only when it is clearly excessive. 127 Ill. App. 3d 950, 957, 469 N.E.2d 231, 236.

■ In evaluating a punitive damage award, each case must be considered in its own context. (*Gent v. Collinsville Volkswagen, Inc.* (1983), 116 Ill. App. 3d 496, 505, 451 N.E.2d 1385, 1391.) Here, we note again that defendant deliberately struck plaintiff in the head with a shovel, a potentially lethal instrument in the hands of someone with defendant's training and experience. Defendant admitted doing

so simply because he was angry at plaintiff, who impugned his honesty and craftsmanship as a contractor, and felt that plaintiff was interfering with the progress of defendant's construction work. Plaintiff made no physical threats of any kind and interrupted defendant only out of concern that a temporary electrical hookup that defendant was planning to erect might pose a threat to children who played in the area. Plaintiff had called the power company and requested that a representative be sent to check the placement of defendant's proposed hookup, and plaintiff so advised defendant. But defendant was concerned only with continuing his work and stated that he "couldn't wait to satisfy all these bellyachers." Plaintiff was attacked in a utility company easement in his own back yard. The first blow from defendant's shovel knocked plaintiff to the ground. As plaintiff attempted to get up, defendant stood over him, took aim, and struck plaintiff with the shovel yet a second time. As a result of these blows, plaintiff suffered serious and permanent injury.

Such conduct is an anathema to civilized society. It is also a crime, and defendant did in fact later plead guilty to criminal charges of aggravated battery. Despite defendant's professed contrition at trial, the record shows that he told the police to whom he surrendered that he would do it again under the same circumstances.

In the context of these facts, we do not believe the circuit court's award of $30,000 in punitive damages to be clearly excessive. To hold otherwise would be to value the pecuniary interests of defendant, a contractor who was building a house for resale, above the safety and welfare of his neighbor and his neighbor's children. It would diminish plaintiff's right to be secure from physical assault on his own property. It would give approval to the base notion that personal disputes may properly be settled through use of deadly force.

To be sure, plaintiff has been compensated for his out-of-pocket expenses and pain and suffering by an award of $30,000 in actual damages. But the court's additional award of punitive damages in an equal amount is fair punishment for defendant's conduct. The record does not suggest, and defendant never claims, that this amount is so onerous as to threaten defendant with financial ruin, or anything close to it. Moreover, we believe that this award will serve as an appropriate deterrent for defendant and other similarly situated persons to refrain in the future from conduct analogous to that reflected in this case.

For the reasons set forth above, the judgment of the circuit court of St. Clair County, as modified by this court, is affirmed.

Affirmed as modified.

KASSERMAN, J., concurs.

JUSTICE JONES, dissenting:
I respectfully dissent.

It is readily evident that this case was tried under an erroneous theory of law and that, although it was a nonjury trial, such event may well have affected the outcome.

Plaintiff's proper cause of action would be the tort of battery or, as it is sometimes called, assault and battery. (*Parrish v. Donahue* (1982), 110 Ill. App. 3d 1081, 443 N.E.2d 786; Restatement (Second) of Torts sec. 13 (1965).) In this case plaintiff filed a two-count complaint, one based on negligence and the other on wilful and wanton misconduct. The plaintiff alleged in the negligence count that he was in the exercise of ordinary care and in the wilful-wanton count that he was free from any contributory wilful and wanton conduct. Irrelevant and misleading issues were injected into the case by the negligence and wilful-wanton forms of action, and I would reverse and remand for a repleader (Ill. Rev. Stat. 1983, ch. 110, par. 2—612(a)) and for a retrial. *People v. Francis* (1978), 73 Ill. 2d 184, 383 N.E.2d 161; *Sparling v. Peabody Coal Co.* (1974), 59 Ill. 2d 491, 322 N.E.2d 5.

The problem with the incorrect form of action is reflected and exacerbated by the trial court's judgment. It found, with reference to the contributory fault of the plaintiff, that plaintiff may be considered a "neighborhood busybody" and that "as such, the Plaintiff's actions cannot be considered as sufficient evidence raising his conduct to contributory fault or reckless and wilful contributory fault." After that the trial court found for the plaintiff on both counts I (negligence) and II (wilful and wanton conduct). Plaintiff was awarded $30,000 compensatory damages under count I and $30,000 punitive damages under count II. There was no award of compensatory damages for wilful-wanton conduct under count II. Thus, the judgment violates the long standing rule in Illinois that in the absence of an award of compensatory damages, there can be no award of punitive damages. *Freese v. Tripp* (1873), 70 Ill. 496; *In re Application of Busse* (1984), 124 Ill. App. 3d 433, 464 N.E.2d 651; *Lowe v. Norfolk & Western Ry. Co.* (1981), 96 Ill. App. 3d 637, 421 N.E.2d 971; *Tonchen v. All-Steel Equipment, Inc.* (1973), 13 Ill. App. 3d 454, 300 N.E.2d 616.

I further disagree with the majority in its affirmance of the award of $30,000. The purpose of punitive damages is punishment and deterrence. (*Hammond v. North American Asbestos Corp.* (1983), 97 Ill. 2d

195, 454 N.E.2d 210.) Because of their penal nature, punitive damages are not favored in law, and the courts must take caution to see that punitive damages are not improperly or unwisely awarded. (*Hammond v. North American Asbestos Corp.* (1983), 97 Ill. 2d 195, 454 N.E.2d 210; *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353.) In this case the award of $30,000 in punitive damages is excessive and violative of the principle that civil courts may not add to the pains and penalties of crimes. The defendant in this case had already been convicted of a crime and punished for his wrongful act. Therefore, the policy of punishment and deterrence that underlies the award of punitive damages is twice served, and plaintiff has been unjustly privately enriched. I see the situation presented as being similar to that considered by the supreme court in *Hammond v. North American Asbestos Corp.* (1983), 97 Ill. 2d 195, 454 N.E.2d 210, where, in an action by a wife for punitive damages for loss of consortium, the court refused punitive damages, stating:

"Such an additional award [to a husband's recovery of punitive damages in his personal injury action] would not serve to punish or deter the defendant who had already been punished in the first action. Rather, it would clearly result in a double windfall to the injured party and the spouse." 97 Ill. 2d 195, 212, 454 N.E.2d 210, 219.

Finally, although it is a matter of little import, I take issue with that portion of the majority opinion that states that defendant's training in personal combat techniques taught him how to use a shovel as an offensive weapon to its best advantage. Presumably he did have such knowledge, but he did not put it to use in his battery of the plaintiff. The blows were apparently struck using the flat side of the shovel. Personal combat training teaches that maximum effect is achieved with a shovel-weapon when striking with the edge of the shovel, as with an axe.

I would reverse and remand for a repleader and a new trial.