DONALD L. JOHNSON, Adm'r, Appellee, v. MAX E. COLLEY *et al.*, Appellants.

*Opinion filed February 6, 1986.—Rehearing denied April 1, 1986.*

Crooks & Gilligan, Ltd., of Chicago (John W. Gilligan, of counsel), for appellants.

Andrew J. Kleczek, of Gray, Kleczek & Kielian, P.C., of Peoria, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Donald L. Johnson, administrator of the estate of Ronald M. Johnson, Sr., deceased, appealed from the judgment of the circuit court of Cook County entered upon a jury verdict in his favor against defendants, Max E. Colley (hereafter Colley) and All-American, Inc. The appellate court reversed the jury's finding that decedent was 60% contributorily negligent, affirmed the judgment in favor of plaintiff, and remanded with directions to enter judgment on the verdict assessing plaintiff's damages in the amount of $1,282,488.96. (128 Ill. App. 3d 849.) We denied defendants' petition for leave to appeal. Subsequently we allowed defendants' motion for leave to file a motion for reconsideration of the denial of their petition for leave to appeal and, upon reconsideration, allowed the petition (94 Ill. 2d R. 315(a)).

Plaintiff's decedent, Ronald M. Johnson, Sr., died as the result of injuries suffered in a collision which occurred

on Interstate 55 south of Joliet at about 5 a.m. on December 30, 1977. The testimony shows that decedent, his wife and four sons were traveling in their automobile to their home in Scottsdale, Arizona. They were driving south on Interstate 55 when their automobile struck the side of, and passed underneath, a semi-tractor-trailer truck owned by defendant All-American, Inc., and driven by defendant Colley. The truck was stopped so that the trailer completely blocked both southbound lanes of the highway. The top of decedent's automobile was sheared off and decedent suffered fatal head injuries. Colley, the driver of the truck, did not testify, and defendants presented no evidence to show how the truck and trailer came to be in that position, nor was any evidence presented as to what, if anything, Colley did to warn other drivers. It is undisputed that Colley did not place flares near the truck. The record also shows that visibility was severely limited by darkness and the presence of dense fog in the area. Shortly after the occurrence in which decedent was injured an automobile and two semi-tractor-trailer trucks also struck defendants' trailer.

In reversing the finding that plaintiff's decedent was 60% contributorily negligent, the appellate court found that the evidence indicated that prior to the collision decedent was driving slowly, that under *Kyrouac v. Brockman* (1983), 120 Ill. App. 3d 249, defendants had the burden of proof to establish any contributory negligence on the part of plaintiff's decedent and that defendants had not met their burden.

Defendants contend that the appellate court misinterpreted the burden of proof, that the record shows that the jury's finding is not contrary to the manifest weight of the evidence, and that in reversing the verdict the appellate court erred.

Plaintiff contends that the uncontradicted evidence showed that defendants' truck suddenly and without

warning appeared in front of the decedent, straddled across the highway, that defendants failed to sustain their burden of proving that plaintiff's decedent was guilty of contributory negligence, and that the appellate court correctly held that defendants failed to show that the collision resulted from anything other than their own negligence.

Prior to discussing the issues presented in this appeal we consider plaintiff's contention that the appeal should be dismissed. He argues that the denial of the petition for leave to appeal was a final order, there is no provision in the rules for a motion for reconsideration, and our order of November 15, 1979, demonstrates that no such motion may be filed. The order to which plaintiff refers stated:

> "The rules of this court make no provision for filing a motion for reconsideration of an order of this court denying a petition for leave to appeal or petition for rehearing. The Clerk of the Supreme Court is directed not to accept or file such motions and is further directed to return them to the tendering party or attorney."

This court, by reason of the provisions of article VI, sections 16, 6, and 4 of the Constitution of 1970, is vested with rulemaking authority sufficiently comprehensive to regulate all aspects of the appellate process. Recognizing that our authority stems from the Constitution and not from our infallibility, and consistent with precedent (see *Leathe v. Thomas* (1908), 233 Ill. 430), this court, on several occasions, has allowed a motion filed in accordance with Rule 361 (87 Ill. 2d R. 361) for leave to file a motion for reconsideration. That procedure was followed here, and the motion for reconsideration was allowed. Assuming, *arguendo*, that as contended by plaintiff, permitting the filing of a motion for reconsideration is a violation of our order and of due process, the requirements of due process are met in permitting the fil-

ing of a motion under Rule 361, and plaintiff's motion to dismiss is denied.

Plaintiff contends that the court's holdings in *Sughero v. Jewel Tea Co.* (1967), 37 Ill. 2d 240, and *Calvetti v. Seipp* (1967), 37 Ill. 2d 596, require that the judgment of the appellate court be affirmed. In our opinion, however, *Sughero* and *Calvetti* are distinguishable in that here defendants do not contend that the evidence fails to prove that their negligence was a proximate cause of the decedent's death. In *Calvetti* the plaintiff was a passenger in an automobile being driven by her son-in-law, and there was no basis in the record for attributing negligence on his part, if any, to her. To the extent that the plaintiff's contributory negligence was an issue in *Sughero*, the opinion states that the plaintiff testified that he was driving in his proper lane, that he saw the defendant's tractor skid into his lane, and that although he applied his brakes, he could not stop in time to avoid the collision. Unlike *Sughero*, there is here no evidence which indicates how long defendants' tractor-trailer had been blocking the southbound lanes. David Gallery, a plaintiff whose case was consolidated with this case for trial, was driving an automobile which struck defendants' truck shortly after decedent's automobile did so. There is no testimony which indicates how long after decedent's automobile struck the truck the Gallery collision occurred. Gallery testified that there was a great deal of fog, that the pavement was wet and slippery, that the weather was freezing, and that there were ice patches north of the point of the collision. The fog was so thick that drivers were forced to reduce their speed to 10 to 15 miles per hour.

Two other plaintiffs, whose cases were consolidated with these cases, were driving semi-tractors which struck defendants' truck. From the vantage point of the driver's seat of a tractor, these plaintiffs were able to see approximately 55 to 60 feet ahead. A State Trooper

who investigated the occurrence stated that visibility was approximately 20 to 25 feet.

Whether the appellate court erred in reversing the finding of the jury and directing the entry of judgment in the full amount of the verdict must be determined by the standards enunciated in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494. Since *Pedrick*, the rule has been that "verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (37 Ill. 2d 494, 510.) In light of the testimony concerning the condition of the road and limited visibility caused by the heavy fog, and the fact that decedent's automobile apparently struck the trailer with sufficient force to cause it to run under the trailer and shear off the top of the automobile, we do not agree with the appellate court that an order which had the effect of the entry of a judgment *n.o.v.* was appropriate.

Plaintiff argues that the verdict of the jury was contrary to the manifest weight of the evidence. Had the appellate court found that the verdict was contrary to the manifest weight of the evidence, the appropriate judgment on reversal would be the granting of a new trial on the issue of damages rather than the remand with directions to enter what was in effect a judgment *n.o.v.* The long-established rule is that a jury finding will not be set aside on the ground that it is contrary to the manifest weight of the evidence unless the opposite result is clearly apparent. From our examination of the record we conclude that the evidence was sufficient to sustain the verdict.

Plaintiff contends that the testimony of the decedent's careful habits proved his freedom from contributory negligence and that defendants failed to produce

any evidence to support the verdict. As we noted earlier, there was no evidence to show how defendants' truck came to be in the position of blocking the highway or what, if anything, Colley did to warn other drivers. The only testimony concerning the decedent's actions is that of his son, who said he was "driving slow" and that immediately prior to the impact he heard his father say, "Oh no." The witness could not state any opinion concerning the condition of visibility at the time or the distance which the automobile traveled after he heard his father's exclamation.

Whether conduct was negligent or contributorily negligent is rarely decided as a matter of law. The determination of what conduct is negligent or contributorily negligent is a composite of the experiences of average people, and is left to the jury for evaluation. We note, parenthetically, that in the trial of these consolidated cases the jury found each driver-plaintiff contributorily negligent and held that plaintiffs who were passengers in the vehicle were not contributorily negligent. Although the verdicts in the other cases do not control the result here, they indicate careful consideration by the jurors of the testimony and the court's instructions. On this record, considering the testimony and the circumstances shown, we cannot say that the jury verdict must be modified either as a matter of law or as being contrary to the manifest weight of the evidence.

For the reasons herein stated, the judgment of the appellate court insofar as it reversed that part of the judgment which reduced plaintiff's damages by reason of contributory negligence is reversed, and otherwise the judgment is affirmed. The judgment of the circuit court is affirmed.

*Appellate court affirmed in part and reversed in part; circuit court affirmed.*