JOSEPH O'KEEFE, Plaintiff-Appellant, v. JOSEPH FITZPATRICK, Defendant-Appellee.

Second District No. 2—85—0564

Opinion filed March 19, 1987.

REINHARD, J., concurring in part and dissenting in part.

C. Douglas Grimes, of Waukegan, for appellant.

Barry L. Kroll, James K. Horstman, Alton C. Haynes, and Lloyd E. Williams, Jr., all of Williams & Montgomery, Ltd., of Chicago, for appellee.

JUSTICE HOPF delivered the opinion of the court:

Plaintiff, Joseph O'Keefe, brought an action to recover damages for personal injuries occasioned by the alleged negligence of defendant, Joseph Fitzpatrick, in pushing plaintiff off of a pier into a lake. The jury returned a verdict for defendant and against plaintiff. Plaintiff appeals contending (1) that the trial court deprived him of a fair trial when it permitted defendant to argue the issue of provocation without requiring that provocation be pleaded and without instructing the jury on the issue; (2) that defense counsel made improper remarks during closing argument, wherein he improperly interjected his personal feelings and beliefs into the proceedings, thereby depriving defendant of a fair trial; and (3) that the jury's verdict was not supported by the evidence and was, therefore, erroneous.

Testimony at trial showed that both plaintiff and defendant were

guests at a family reunion which occurred on September 11, 1982, in Lake Villa, Illinois. The plaintiff and defendant had met on several prior occasions and each considered the other to be a friend. At one point during the afternoon of the reunion, the plaintiff came up behind the defendant, who was leaning over the end of a pier owned by the individuals hosting the reunion, and pushed the defendant from the pier into the water. Defendant testified that the depth of the water at the end of the pier was 5 or 5½ feet and that the end of the pier was approximately 28 feet from shore. Defendant also stated that at the time of this incident he thought it was a joke, and no harsh words were exchanged between the parties. Thereafter, plaintiff, defendant, and two other individuals went water skiing.

Upon their return to the pier about an hour later, plaintiff and defendant got out of the boat. Defendant testified that plaintiff was standing approximately in the middle of the pier and facing towards defendant. As plaintiff was drying himself, defendant shoved plaintiff in the shoulder, knocking him off balance and causing him to fall kind of sideways and backwards off the pier. Defendant stated that he thought the water was 4 or 5 feet deep at the point of plaintiff's entry, that he did not know whether there were any rocks or other objects under the water but thought that there were none, and that he had seen people swim and dive there on prior occasions. When plaintiff emerged from the water his head was split, and he was bleeding. At the time of his emergence, the water level reached the upper chest of plaintiff, who was 5 feet 7 inches tall. Defendant ran to summon an ambulance.

Plaintiff testified that earlier in the day and prior to his injury, he had pushed defendant off the end of the pier and that he considered defendant as a friend. Plaintiff stated that later the defendant pushed him in the chest with both hands so that he was going backwards but that he twisted around and tried to skim the top of the water. At the time of the incident, plaintiff stated, he was 3 or 4 feet from the shoreline.

On cross-examination plaintiff admitted being at the pier on several prior occasions and having some familiarity with that area. When questioned regarding how he entered the water after defendant pushed him, plaintiff twice replied that he had just tried to skim the top of the water. Plaintiff was then examined with respect to deposition testimony he had given wherein plaintiff stated that he dove hands first into the water; that he could have fallen straight back or jumped feet first into the water; and that, in diving, he pushed off with his feet, cut the water with his hands, went completely under

water, and without touching his feet to the bottom swam back up.

Thomas Mason, who was present at the time of plaintiff's injury, testified for the defendant. Mason stated that when defendant pushed plaintiff off the side of the pier, plaintiff dove head first into the water at an 80-degree angle with his hands above his head. Mason stated that the depth of the water was about 5 feet and that he and defendant swam in this same area on prior occasions. Mason was unaware of any rocks or sharp objects on the bottom of the water.

On cross-examination Mason stated that the last time he had been in the water near the pier was about three months prior to the date of the incident. The witness explained that the 5-foot depth of the water by the pier was due to the area's being a boat basin.

On rebuttal, plaintiff testified that he entered the water at about a 20- to 25-degree angle. Defendant was recalled, and he stated that plaintiff went into the water at less than a 45-degree angle.

At the jury instructions conference, defendant tendered an issues instruction to which plaintiff objected. The basis for plaintiff's objection centered on that portion of the instruction wherein defendant claimed plaintiff was contributorily negligent because he had pushed defendant into the water more than an hour before the later incident. Plaintiff maintained that the specifics recited in this portion of the instruction had not been pleaded and that plaintiff's earlier act of pushing defendant off the pier did not constitute contributory negligence. The court refused defendant's instruction, stating that the earlier incident was too remote in time to be considered part of the later occurrence, and, therefore, the earlier incident did not constitute contributory negligence.

Plaintiff's counsel then asked the court if defendant would be allowed to argue that the earlier incident constituted contributory negligence. The court replied that it would permit defendant to argue how the earlier incident might have instigated or provoked the occurrence but that the earlier incident did not constitute negligence. Plaintiff complained that defendant had not pleaded an affirmative defense of provocation. The court commented that it was uncertain whether provocation rose to the level of a defense but that the jury was entitled to consider all circumstances and provocation might go to the issue of whether either party was negligent.

During his closing argument, defendant made numerous references to the earlier incident. Defense counsel stressed that to find defendant guilty of negligence would allow the plaintiff to impose a double standard since plaintiff did not consiler his earlier conduct to be negligent but, conversely, advocated that defendant's similar con-

duct was negligent. Plaintiff objected several times to these refer-
ences, each time maintaining that defendant was arguing negligence
on the part of plaintiff. Each time the court overruled plaintiff's ob-
jection.

At the conclusion of the trial, the jury returned a verdict for
defendant upon which the court entered judgment. Plaintiff's post-
trial motion was denied, and this timely appeal ensued.

■■ Plaintiff first contends that the trial court erred in permitting
defendant to argue that provocation constituted a defense to negli-
gence in spite of the fact that defendant had not affirmatively pleaded
provocation as a defense and the jury had not been instructed on how
the issue of provocation related to the other issues. As a result, plain-
tiff argues that he was deprived of a fair trial.

Plaintiff's argument here is based on certain remarks made dur-
ing defense counsel's closing comments to the jury wherein counsel
referred to the "double standard" plaintiff sought to impose in the
case by implying that his act of pushing defendant off the pier was
not negligent but defendant's act was. Plaintiff maintains that these
comments and other similar remarks show that defendant was argu-
ing provocation as a defense. Defendant, on the other hand, contends
that his references to the prior incident were designed only to show
that the act, whether it was plaintiff's or defendant's, of pushing an
individual off the pier into the water did not constitute negligence. We
are inclined, however, to agree with plaintiff's position that, in mak-
ing these continual references, defendant argued provocation as a de-
fense to the jury.

The record reflects that on more than one occasion defense coun-
sel implied that plaintiff had provoked defendant into pushing plaintiff
off the pier. Counsel argued:

"We have been charged with being negligent. This is because
according to the plaintiff we pushed the plaintiff off the pier.

I think that is an interesting use of a double standard, don't
you? *** Before the plaintiff was pushed by Mr. Fitzpatrick,
Mr. Fitzpatrick was pushed."

Plaintiff objected to these comments but the court overruled the ob-
jection. Counsel continued:

"Again, it is an interesting use of the double standard. What
he can do to us apparently we can't do to him, or it's negli-
gence. But when he does the same thing, I guess that's okay.

Plaintiff pushed us off the same pier into the same black
water that you can't see to the bottom of."

Plaintiff again objected and was overruled. Again, defense counsel im-

plied provocation when he said:

> "But when we respond to what the plaintiff started, we are negligent. In fact, when we pushed the plaintiff we were facing him. When he pushed us, he pushed us from behind. Same water. Same pier."

Defendant continued to argue provocation:

> "How can you come up here with a straight face and say we are negligent, when he did the same thing? In fact, he did it in a situation where our back was turned. *He started it. We didn't start anything.*" (Emphasis added.)

Though plaintiff did not object to these two latter references, he had objected more than once to such comments and obtained a ruling. Once an objection has been made, and a ruling obtained, it is not necessary to repeat the same objection to preserve the point for review. (*Bruske v. Arnold* (1969), 44 Ill. 2d 132, 137, 254 N.E.2d 453, *cert. denied* (1970), 398 U.S. 905, 26 L. Ed. 2d 65, 90 S. Ct. 1697.) Moreover, plaintiff included, in his post-trial motion, an objection to the court's error in allowing defendant to argue plaintiff was negligent in pushing defendant into the water more than an hour before defendant pushed plaintiff.

Throughout defendant's closing argument defendant urged a theory of provocation to the jury, maintaining that plaintiff's alleged provocation of defendant evidenced negligence on plaintiff's part. Defendant's argument centered upon convincing the jury that defendant's act could not have been negligent since it was provoked by plaintiff's earlier act which plaintiff maintained was not negligent. This argument ignored the differences between the two incidents, the most noticeable difference being that the first resulted in no injury to defendant while the second resulted in injury to plaintiff, thereby making it actionable.

■ Although we agree with the trial court's conclusion that the first "pushing" incident was too remote in time to permit defendant to argue that it constituted contributory negligence, we believe it was error on the part of the court to allow defendant to argue what was, in effect, a theory of provocation. The evidence in this case was closely balanced and, thus, we believe the defense counsel's repeated references to plaintiff's earlier act of pushing defendant off the pier clouded the issue of defendant's negligence, confused the jury, and prejudiced the plaintiff. We know of no Illinois authority which stands for the principle that provocation is a defense to a negligence action. If it cannot defeat an action for assault and battery (*Parrish v. Donahue* (1982), 110 Ill. App. 3d 1081, 443 N.E.2d 786), all the more rea-

son it should not be applicable here. (But see *Hough v. Mooningham* (1986), 139 Ill. App. 3d 1018, 1022, 487 N.E.2d 1281 (the court ruled plaintiff was not contributorily at fault in provoking the attack by mere words).) Accordingly, we find plaintiff is entitled to a new trial. This determination obviates the need to consider plaintiff's remaining issues.

For the reasons stated, the judgment of the circuit court of Lake County is reversed and the cause remanded for a new trial with the direction that any references to plaintiff's earlier act of pushing defendant off the pier be excluded.

Reversed and remanded.

UNVERZAGT, J., concurs.

JUSTICE REINHARD, concurring in part and dissenting in part:

I agree with the majority that it was reversible error for defendant's counsel to argue plaintiff's provocation of the incident after the trial court ruled that plaintiff's earlier act of pushing defendant into the water did not constitute contributory negligence and was not to be submitted to the jury. However, I dissent from that part of the opinion which holds that the first pushing incident was too remote in time to constitute contributory negligence as a matter of law and which remands for a new trial with directions to exclude any references to plaintiff's earlier act of pushing defendant off the pier. The sequence of events was close enough in time to present a jury question as to whether plaintiff's earlier act contributed to his injury.

Whether conduct was negligent or contributorily negligent is rarely decided as a matter of law. (*Johnson v. Colley* (1986), 111 Ill. 2d 468, 475, 490 N.E.2d 685.) The determination of what conduct is negligent or contributorily negligent is a composite of the experiences of average people and is left to the jury for evaluation. (111 Ill. 2d 468, 475, 490 N.E.2d 685.) A trial court may only determine the presence or absence of contributory negligence as a matter of law, rather than leaving it to the jury, when the standard set forth in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, is met, that "all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (*Long v. City of New Boston* (1982), 91 Ill. 2d 456, 463, 440 N.E.2d 625.) Generally, whether horseplay, as was involved here, is contributory negligence on the part of the plaintiff is a factual question to be decided by

the jury. See *McCabe v. Walt Disney World Co.* (Fla. Dist. Ct. App. 1977), 350 So. 2d 814; *Industrial Waste Service, Inc. v. Henderson* (Fla. Dist. Ct. App. 1975), 305 So. 2d 42.

In the case at bar, the kind of horseplay involved is not uncommon. Plaintiff pushed defendant off the pier first. A fairly predictable response later occurred. Defendant retaliated by pushing plaintiff off the pier when he first had the opportunity. The majority reasons that the second pushing was "too remote in time to permit defendant to argue it constituted contributory negligence." I disagree. When the first incident occurred and defendant was pushed in, he considered it a joke, and the two young men thereafter went water skiing. Upon their return to the pier in about an hour, defendant then pushed plaintiff off the pier. Under these circumstances, it is clear to me that the two pushing incidents were connected and not too remote in time to submit both incidents to the jury for its consideration of plaintiff's contributory negligence by initiating the horseplay resulting in his injury. Plaintiff's contributory negligence may be antecedent, subsequent, or simultaneous with that of the defendant. See Restatement (Second) of Torts sec. 478 (1965).

For the foregoing reasons, I would remand with directions to allow evidence of the first pushing incident to be presented and to instruct the jury on the issue of plaintiff's contributory negligence as raised by defendant.