**NTRON INTERNATIONAL SALES COMPANY, INC., a California corporation, Plaintiff,**

v.

**Frederick S. CARROLL, et al., Defendants.**

**No. 88 C 20039.**

United States District Court, N.D. Illinois, W.D.

April 3, 1989.

Audrey Holzer Rubin, Elaine S. Fox and Gottlieb and Schwartz, Chicago, Ill., for plaintiff.

Edward C. Fitzpatrick, Lawrence R. Desideri, Lord, Bissell & Brook, Chicago, Ill., and Franklin C. Cook, Freeport, Ill., for defendants.

## ORDER

ROSZKOWSKI, District Judge.

This action comes before the court on the defendants' motion to dismiss five of the

counts in plaintiff's complaint. For the reasons set forth below, the court denies defendants' motion to dismiss Counts I, II and XII, and grants defendants' motion to dismiss Counts X and XI of the complaint.

## BACKGROUND [1]

The plaintiff, Ntron International Sales Company (Ntron), is a California corporation doing business throughout the United States. Ntron is in the business of distributing and marketing biomedical products called transcutaneous electrical nerve stimulator (TENS) devices, which are used to alleviate certain types of body pain and to promote physical therapy rehabilitation. Through its sales force, plaintiff sells, consigns and leases these devices to individuals, hospitals, clinics and other health care facilities.

Fred Carroll, who resides in Richmond, Illinois, was employed by plaintiff in various sales related capacities from November 22, 1982, until October 8, 1986, at which time his employment was terminated. With his wife Nancy, Fred Carroll owned and operated Merit Medical, a company which came into direct competition with plaintiff.

The plaintiff's complaint charges that the defendant Fred Carroll violated an agreement with Ntron in which he agreed not to divulge certain categories of information, which under the terms of the agreement were confidential information and trade secrets. This information included, among other things, a unique and highly sophisticated marketing program and computer generated analyses for improving the marketing and acceptance of its product which Ntron had designed itself. In addition, the agreement contained a covenant by Mr. Carroll not to compete with Ntron during his employment or within two years after its termination.

The complaint also raises claims against Fred Carroll, Nancy Carroll and/or Merit Medical for tortious interference with business advantage, unfair competition, violation of the Illinois Deceptive Trade Practices Act, unlawful taking and conversion,

breach of fiduciary duty, unjust enrichment, conspiracy, replevin, assault, tortious interference with the contractual relations between Ntron and its employees, and tortious interference with the contractual relations between Fred Carroll and Ntron. Presently, the defendants move to dismiss five of the twelve counts contained in the complaint.

## DISCUSSION

The court may grant a motion to dismiss under Rule 12(b)(6) only if no relief could be granted under any set of facts that plaintiff could prove which were consistent with the allegations as set forth in the pleadings. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59, 65 (1984); *see also Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957). In deciding such a motion, the court must accept plaintiff's allegations as true, and it must view those allegations in the light most favorable to the plaintiff. *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir. 1987).

As to the motion to dismiss Count I of the complaint, defendant Fred Carroll asserts that the restrictive covenant, which is paragraph ten of the "Invention Assignment and Secrecy Agreement" (hereinafter the contract), and the confidentiality provision entitled "Dissemination Control" which is paragraph six of the contract, are overbroad as a matter of law because of the unlimited geographic scope and lack of time constraints contained therein. Defendant argues that the contract is therefore void and unenforceable. The essence of Defendant's argument then, is that the lack of these limitations make the contract *per se* unreasonable, and hence void.

Plaintiff Ntron counters that geographic restrictions are not unreasonable if they apply to the same area to which the company does business. Plaintiff asserts that since it conducts business throughout the United States, a nationwide geographic restriction is not unreasonable. Regarding

1. This background section is based on the allegations in the complaint.

the time constraints, plaintiff correctly points out that in the restrictive covenant, whether or not the time period of twenty-four months is crossed out raises issues of fact which this court will not dispose of on a motion to dismiss. The confidentiality provision, however, lacks specific time constraints, and to this plaintiff argues that it is nevertheless reasonable because it was limited "to a period ending when Ntron voluntarily disclosed the information to the public, the information was independently developed by other persons, or otherwise entered the public domain through lawful means." Plaintiff's Response Memorandum of Law In Opposition To The Motion To Strike And Dismiss at p. 8–9.

■ "Whether a restrictive covenant is enforceable is a question of law." *Image Supplies, Inc. v. Hilmert,* 71 Ill.App.3d 710, 712, 390 N.E.2d 68, 70, 28 Ill.Dec. 86, 88 (1979). To be enforceable, such a covenant must be reasonable in its time limitations and its geographic scope, involve trade secrets or confidential information, and be reasonably necessary to protect a legitimate business interest of the promisee. *Id.,* 71 Ill.App.3d at 713, 390 N.E.2d at 70, 28 Ill.Dec. at 88.

■ The element which is at issue here is the reasonableness of the time constraints and the geographic scope in the two paragraphs of the contract. Illinois courts have held that confidentiality agreements, like restrictive covenants, must pass the same test of reasonableness. *Disher v. Fulgoni,* 124 Ill.App.3d 257, 261–62, 464 N.E.2d 639, 643, 79 Ill.Dec. 735, 739 (1st Dist.1984), *cert den.* Therefore, both paragraphs of the contract at issue must pass the same test.

The Illinois Supreme Court has held that reasonableness is conditioned upon the effect of the provisions on the parties to the contract and to the public. *House of Vision v. Hiyane,* 37 Ill.2d 32, 37, 225 N.E.2d 21, 24 (1967). It is up to the court to determine "whether the restraint imposed is greater than is necessary to protect the promisee." *Id.*

■ However, the question at issue here is not whether unlimited geographic scope or time constraints is *per se* unreasonable. The question is whether the omission of time constraints and geographic scope makes the clauses of the contract *per se* unreasonable. To hold these clauses unreasonable, the court would have to first infer unlimited scope as to time and geography, and then hold that the clauses are *per se* unreasonable. The court has been cited to no authority, nor has it discovered any such authority, which holds that the omission of time and/or geographic constraints, as a matter of law, makes a contract void on its face. The court is unwilling to state that there can be no set of circumstances under which these clauses could be deemed reasonable, and therefore defendants' motion to strike and dismiss with regard to Count I of plaintiff's complaint is denied. The cases to which the court is cited by defendant were decided upon their individual facts, and concerned information and facts which are different than those in this case. It would be premature to dismiss Count I at this point in the proceeding, and this court will not do so.

Defendant next moves to dismiss Count II of the complaint, which alleges a tortious interference with business advantage, and Count XII which alleges a tortious interference with contractual relations between Ntron and Fred Carroll.

In defendants' memorandum in support of the motion to dismiss these two counts, the defendants state that "[t]he actions which are based on the alleged breaches [Counts II and XII] of the noncompetition and confidentiality covenants must fail because those provisions of the agreement are overbroad and, thus, are void and unenforceable as a matter of law." Defendants' Memorandum In Support Of Motion To Strike And Dismiss at p. 1. Further argument boils down to an assertion that since the employment contract is void because of the underlying unreasonableness of the confidentiality clause and the restrictive covenant, these counts must also be dismissed. However, since this court has determined that those clauses are not *per se* unreasonable, and therefore not void on

their face, this argument fails as well, and defendants' motion to dismiss Counts II and XII is likewise denied.

■ Defendants next move to dismiss Count X of the complaint, which alleges assault by defendant Fred Carroll upon two Ntron executives and upon a salesman employed by Ntron's parent company. Plaintiff provides no authority to support the proposition that a corporation can assert a cause of action for assault in behalf of its employees, nor is support provided that the corporation was "assaulted" in its own right. Defendants argue that the corporation therefore lacks the necessary standing to sue, since, as a corporation, it cannot be assaulted.

Plaintiff, in its response, restates defendants' argument as being that "because the assault was committed against an employee of Ntron's parent company rather than an Ntron employee," Plaintiff's Response Memorandum of Law In Opposition To The Motion To Strike And Dismiss at p. 12, this count of the complaint is flawed and should be dismissed. Plaintiff then argues that since "Ntron also pleads an assault against two of its own executives," defendants' motion should be denied. Plaintiff has ignored defendants' argument that plaintiff, as a corporation, lacks standing to sue for an assault.

Illinois courts have defined assault as "an intentional, unlawful offer of corporal injury by force, or force unlawfully directed, under such circumstances as to create a well-founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt if not prevented." *Parrish v. Donahue*, 110 Ill.App.3d 1081, 443 N.E.2d 786, 66 Ill.Dec. 860 (Ct.App. 1982). Under this elaboration of the elements of an assault, it is clear that plaintiff has not alleged sufficient elements to support a claim for assault.

The larger question, however, is whether a corporation can successfully assert a cause of action for assault. Only one case has been found which might offer support to plaintiff. In *Filmways Pictures, Inc. v. Marks Polarized Corporation*, 552 F.Supp. 863 (S.D.N.Y.1982), the District Court refused to grant a motion to dismiss a counterclaim for damages based upon an assault to the corporation's employee. The court stated that:

> [w]hile F.P.I. may be correct in its assertion that only a human being can be the direct victim of an assault, damages to a corporation may be a foreseeable consequence of an assault upon a person, particularly where, as here, the alleged assault is upon an employee which takes place in the employer's office during the working day.

*Id.* at 868. However, this was an action for damages, not an action for assault. In addition, the case above is factually distinguishable from the one at bar. Plaintiff has failed to state where the alleged assault took place, or when it took place, and, more importantly, has alleged no direct damage to the corporation as a result of the alleged assault. Therefore, the above cited case lends no support to plaintiff's assertion of a cause of action for assault to Ntron itself. The answer must lie elsewhere.

The Second Restatement of Torts describes an assault to be when one "acts intending to cause a harmful or offensive contact *with the person* of the other or a third person, or *an imminent apprehension of such a contact,* and the other is thereby put in such imminent apprehension." *Restatement (Second) of Torts* § 21(1) (1965). (Emphasis added). The comments to this section point out that the act "should cause an apprehension of an immediate contact ..." *Id.* at Comment c. It is hard to imagine a corporation being in "apprehension of an immediate contact." Moreover, how would one make contact "with the person" of a corporation?

The Restatement also provides that "[a]n attempt to [assault] ... does not make the actor liable for an assault *if the other does not become aware of the attempt before it is terminated." Id.* at § 22. (*Emphasis added*). The comments to this section state that this is because the one who is unaware of the attempt could not be put in the necessary apprehension of the imminent contact. *Id.* at Comment a. There-

fore, even if a corporation could be the victim of an assault, if the attempt terminates before the corporation becomes aware of it, no assault has taken place. In the case at bar, by the time the employees told the corporation what had transpired, the time was passed, and there could be no assault on the corporation.

Lastly, the Restatement states that "[t]o make the actor liable for an assault, the other must be put in apprehension of a contact *with his own person.*" *Id.* at § 26. The comment states that "[i]t is not an actionable assault to make another fear that the actor will intentionally inflict a harmful or offensive bodily contact upon a third person, no matter how closely connected ..." *Id.* at Comment a. "The gist of the liability is the other's knowledge that the actor is attempting to commit a battery upon him." *Id.* Here, Ntron had no knowledge, at the time, of the alleged assault upon it. Under these principles it is obvious to this court that an assault can not be perpetrated upon a corporation, and the lack of any authority in Illinois or elsewhere to the contrary supports this position.

■ Therefore this court rules as a matter of law that there can be no tort of assault against a corporation. Even if plaintiff were granted leave to amend its complaint to state the necessary elements for an assault, it would be a futile endeavor, for this court is convinced that although a corporate entity can be a legal person for some purposes, it can not be a person for purposes of the tort of assault. The total lack of authority to support plaintiff's novel assertion can only lead to the conclusion that defendants' motion to dismiss Count X of this complaint must be, and hereby is, granted.

Finally, defendants move to dismiss Count XI of the complaint which alleges a tortious interference with contractual relations with Ntron employees, which is based upon the assault allegations in Count X. In plaintiff's response memorandum, plaintiff fails to address defendants' allegations that this count of the complaint fails to state the elements necessary to support such a cause of action. These elements are:

(1) the existence of a valid, enforceable contract between the plaintiff and a third party; (2) the defendants' awareness of the contractual relationship; (3) the defendants' intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the third party caused by the defendants' wrongful conduct; and (5) damages resulting from the breach.

*Certified Mechanical Contractors, Inc. v. Wight & Company,* 162 Ill.App.3d 391 at 398, 515 N.E.2d 1047 at 1051–52, 113 Ill. Dec. 888 at 892–93 (2d Dist.1987) (*citations omitted*). A reading of the complaint shows that not only does Count XI fail to satisfy these requirements, it fails to address these requirements. Since all of these elements are lacking, the court is unable, even when interpreting the allegations of the complaint in the light most favorable to the plaintiff, to reach any conclusion save granting defendants' motion to dismiss Count XI of the complaint.

Accordingly, the court dismisses Count XI of the complaint for failing to state a cause of action upon which relief can be granted.

## CONCLUSION

For the reasons set forth above, the court denies defendants' motion to dismiss Counts I, II and XII, and grants defendants' motion to dismiss Counts X and XI of the complaint.